SÁNCHEZ *v.* NEGRÓN.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 586.—Resuelto en marzo 20, 1911.

EJECUCIÓN DE SENTENCIA.—La suspensión de una ejecución de sentencia a instancias de una persona que no es parte en el procedimiento, sin la presentación de una demanda, sin citación y audiencia de las partes en el pleito, sin prestación de fianza, y sin que se alegue ni demuestre que el peticionario carece de otro recurso adecuado y eficaz, es un procedimiento contrario a la ley.

PARTES—INTERVENCIÓN.—Sólo las partes demandantes y demandadas pueden gestionar en los pleitos de acuerdo con la ley y las reglas de las cortes, y si una persona que no sea parte en el pleito o procedimiento, tiene algún interés en el asunto objeto del mismo, puede intervenir en dicho pleito o procedimiento antes del juicio, acogiéndose al trámite autorizado por el artículo 72 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Simón Largé.*

Abogado del apelado: *Sr. Antonio Suliveres.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación contra una orden mandando suspender la ejecución de una sentencia. En la Corte de Distrito de Arecibo se siguió un pleito por Joaquín

Sánchez Chirino contra Manuel Negrón y Colón, en cobro de un crédito hipotecario por $3,600 de capital, con más los intereses y costas, por los trámites del procedimiento ordinario. Emplazado el demandado, no contestó, y anotada su rebeldía, se dictó contra él sentencia. Decretada la ejecución de la sentencia, se sacaron a pública subasta los bienes hipotecados y en el mismo día en que debían ser vendidos, compareció Silvano Negrón y Negrón ante dicho Juez de Distrito de Arecibo en su despacho y presentó una moción jurada y acompañada de tres escrituras públicas, alegando que era dueño, con su derecho inscrito en el registro de la propiedad, de una sub-hipoteca por la suma de 335 pesos de capital y 150 pesos más para costas en caso de reclamación judicial, constituída por el demandante Sánchez sobre el crédito hipotecario que trataba de percibir; que tenía establecida demanda en la corte municipal para el cobro de dicha sub-hipoteca, y que si se permitía la celebración del remate, tal acto equivaldría a la destrucción de los bienes hipotecados con respecto al peticionario, y suplicando finalmente que se ordenara la suspensión inmediata de la subasta. Así lo hizo el juez, sin oir a las partes en el pleito, por medio de la siguiente orden contra la cual se ha interpuesto el presente recurso de apelación.

"Vista la precedente petición y los documentos que se acompañan, se ordena al marshal la suspensión del remate que ha de tener efecto en el día de hoy, y notifíquese a los interesados."

El apelante alega que se han infringido en este caso la sección 16 (a) de la ley sobre tercerías, Leyes 1908, página 49, el artículo 36 del Código de Enjuiciamiento Civil y el artículo 17 del Código Civil revisado.

Un simple examen de los procedimientos, demuestra que la corte inferior no se ajustó al resolver la petición de Silvano Negrón y Negrón, ni a la letra, ni al espíritu de la ley.

Sólo a las partes demandantes y demandadas les es permitido gestionar en los pleitos de acuerdo con la ley y las reglas de las cortes, y el procedimiento para que personas

extrañas que estén realmente interesadas puedan intervenir en los litigios antes de la celebración del juicio, está regulado por el artículo 72 del Código de Enjuiciamiento Civil.

Para casos especiales o extraordinarios, la ley establece procedimientos adecuados; pero paralizar de una manera definitiva, como se ha hecho en el presente caso, la ejecución de una sentencia, a petición de una persona que no es parte en el procedimiento, sin la presentación de una demanda, sin citación ni audiencia de las partes en el pleito, sin prestación de fianza y sin que se alegue y demuestre que se carece de otro recurso propio y eficaz, no sólo no está autorizado por la ley, sino que es contrario a la ley.

En tal virtud, el recurso debe declararse con lugar y la orden apelada debe revocarse, devolviéndose el caso a la Corte de Distrito de Arecibo para procedimientos ulteriores no inconsistentes con esta opinión.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Sr. Wolf.

Los Jueces Asociados Sres. MacLeary y Aldrey, no intervinieron en la resolución de este caso.