EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | Querella |
| Fernando Campoamor Redín | 2000 TSPR 13 |

Número del Caso: PAD-1994-2

Fecha: 24/01/2000

Oficina del Procurador General: Lcdo. Miguel A. Santana Bagur
                                Procurador General Auxiliar

Abogado de la Parte Querellada: Lcdo. Fernando Olivero Barreto

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Fernando Campoamor Redín                    PAD-1994-02

PER CURIAM

**San Juan, Puerto Rico, a 24 de enero de 2000**

I

Nuevamente debemos expresarnos en torno a la conducta del ex juez, Lcdo. Fernando Campoamor Redín, por hechos que se suscitan como secuela de los casos civiles <u>Sucesión Ramón Ortiz Ortiz y otros</u> v. <u>Fernando Campoamor Redín y otro</u>, JAC89-2509 y <u>Fernando Campoamor Redín y otro</u>, v. <u>Héctor Ramón Ortiz y otro</u>, JAC92-0036 y que motivaran nuestra Opinión y Sentencia de 19 de enero de 1996, 139 D.P.R. ___ (1996), 96 J.T.S. 5 en la que lo censuramos enérgicamente.

## II

El 25 de mayo de 1994 la Comisión de Disciplina y Separación del Servicio de Jueces por Razón de Salud del Tribunal de Primera Instancia (en adelante, Comisión) determinó causa probable en la queja de epígrafe, por lo cual el Procurador General Auxiliar presentó la querella correspondiente el 24 de junio de 1994.[1]  En ésta se le imputó al licenciado Campoamor Redín haber observado conducta profesional impropia.[2]

---

[1] Por haber sido presentada en esta fecha, el proceso disciplinario se llevó a cabo al amparo del procedimiento adoptado mediante la Ley Núm. 64 de 6 de septiembre de 1992, 4 L.P.R.A. sec. 232, según enmendada, y por consiguiente, al amparo de las "Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico".

[2] Al licenciado Campoamor Redín se le imputó lo siguiente:

PRIMER CARGO

El Hon. Fernando Campoamor Redín incurrió en conducta altamente impropia, detrimental al buen nombre y dignidad del cargo de juez que ocupa, cuando allá para los meses de julio y agosto de 1989, tomándose atribuciones que no le correspondían, dispuso de propiedad ajena sin la debida autorización de su legítimo dueño.  Con sus actos, el señor querellado propició en la referida fecha, que el Municipio de Aibonito llevar a [sic] cabo una extracción de cascajo o tosca en la ladera de una montaña ubicada dentro de la finca propiedad de la Sucesión Ortiz, en el Barrio Llanos de Aibonito, sin permiso de sus dueños.

El comportamiento del querellado, según antes expuesto, viola el Canon XXVI de Etica Judicial que obliga a los jueces a actuar en todo momento de forma y manera que enaltezca el honor tradicional de la judicatura [sic]; el Canon IV de Etica Judicial que requiere de todo juez que vele porque la conducta de sus compañeros jueces -y principalmente la propia- se ajusten a los Cánones de Etica tanto en su proceder personal como en el desempeño de las

funciones judiciales; el Canon VIII de Etica Judicial que establece la sabia admonición de que los jueces deben evitar toda actividad que le reste dignidad a su posición como Juez o que origine notoriedad indeseable; y el Canon I de Etica Judicial que enuncia el principio rector de que los jueces, conscientes de la posición que ocupan en la sociedad y de la trascendencia de su misión, deben velar porque sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza de la judicatura.

## SEGUNDO CARGO

El Hon. Fernando Campoamor Redín, incurrió en conducta impropia y reprochable, en menoscabo de la dignidad y honorabilidad inherentes a su alta investidura de Juez del Tribunal de Primera Instancia de Puerto Rico, cuando allá para finales del mes de septiembre de 1989, en el Barrio Llanos de Aibonito, ordenó cavar tres (3) trincheras de quince (15) pies de ancho por cincuenta (50) pies de largo y con una profundidad de ocho (8) pies en la finca de la Sucesión Ortiz; cuyas trincheras se hicieron con el propósito de enterrar más de veinte mil (20,000) pollos propiedad del señor querellado, los cuales perecieron en el negocio de éste a consecuencia del Huracán Hugo.

El señor querellado ordenó cavar dichas trincheras en la finca propiedad de la Sucesión Ortiz, sin la debida autorización de sus dueños y a pesar de contar con suficiente terreno en una finca contigua de su propiedad, el cual podía destinar para igual propósito, como en efecto lo hizo una vez la Sucesión Ortiz ordenó tapar las trincheras abiertas en su finca.

Al actuar así, el señor querellado se apartó de la norma de conducta de honorabilidad y respeto a la que deben someterse todos los actos de un Juez, tanto en su proceder personal como en el desempeño de las funciones judiciales, violando, por consiguiente, los Cánones I, VIII, XXVI de Etica Judicial.

## TERCER CARGO

El Hon. Fernando Campoamor Redín incurrió en conducta profesional impropia cuando, en el desempeño de sus funciones judiciales, entendió en diversos incidentes procesales en los cuales una de las partes estaba representada legalmente por un abogado que había sido anunciado previamente como su testigo en una causa privada o particular.

En relación con la controversia que hoy nos corresponde dilucidar, al licenciado Campoamor Redín se le imputaron violaciones a los Cánones XI y XII de Ética Judicial, 4 L.P.R.A. Ap. IV-A. Se alegó que incurrió en

---

El señor querellado anunció al Lcdo. Luis A. Juan como testigo en el caso civil núm. JAC 89-2509, Sucesión Ramón Ortiz Ortiz, et. al. v. Fernando Campoamor Redín, et. al., sobre sentencia declaratoria, injunction y daños y perjuicios, en el Tribunal Superior, Sala de Ponce, allá para el 27 de noviembre de 1991, en un proyecto de acta preparado por las partes en el referido caso. Durante el período comprendido entre esa fecha y los días 17, 18 y 19 de febrero de 1993, fecha en que se celebró la vista en su fondo del referido caso JAC-89-2509, consolidado con el JAC-92-0036, Fernando Campoamor, et. al. v. Héctor Ramón Ortiz, et. al. sobre incumplimiento de contrato y daños y perjuicios, el señor querellado entendió en los siguientes procedimientos judiciales en los cuales el Lcdo. Luis A. Juan representaba a una de las partes: El Pueblo de Puerto Rico v. Luis Antonio Ortiz Cintrón, BVI 92G0015, PD92G0079, LA92G0086 al 0089; El Pueblo de Puerto Rico v. José R. Rivera Torres, BLA92G0037, BVI92G0004, y El Pueblo de Puerto Rico v. José Luis Meléndez Ortega, BDC1M0004, BIC92G0013.

El comportamiento del querellado, según antes expuesto, viola los Cánones XI y XII de Etica Judicial, los cuales requieren, por un lado, que el Juez "no solamente ha de ser imparcial, sino que su conducta ha de excluir toda posible apariencia de que es susceptible de actuar a base de influencias... "extrañas a los méritos del caso"; y por el otro, que el Juez se inhiba de participar en procedimientos judiciales en los cuales pudiera tener prejuicio o parcialidad hacia cualquiera de los abogados que intervengan en el caso o cuando concurre cualquier "causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia."

En cuanto a los cargos I y II la Comisión determinó que los mismos resultaron debidamente juzgados y adjudicados mediante sentencia en los casos consolidados Sucesión Ramón Ortiz

conflicto de intereses porque intervino como juez en diversos incidentes procesales en los cuales el Lcdo. Luis A. Juan compareció como abogado de una de las partes. El licenciado Juan había sido anunciado previamente por el licenciado Campoamor Redín como su testigo en el caso civil Sucn. Ortiz v. Fernando Campoamor Redín, supra.

El licenciado Campoamor Redín fue notificado de la querella el 30 de junio de 1994. Se señaló una vista evidenciaria para el 25 de enero de 1995. En ésta, el querellado alegó falta de competencia de la Comisión para continuar con el proceso disciplinario, en vista de que él había cesado en sus funciones como juez superior a partir de noviembre de 1994.

La Comisión aplazó la determinación sobre si tenía competencia para ventilar la imputación hecha en el tercer cargo para el 28 de junio de 1995.[3] Tras la celebración

---

Ortiz y otros v. Fernando Campoamor Redín y otro, JAC89-2509 y Fernando Campoamor Redín y otro, v. Héctor Ramón Ortiz y otro, Civil Núm. JAC92-0036, por lo cual se estimarían fuera de controversia y serían adjudicados sumariamente por la Comisión. Sólo sería objeto de prueba lo concerniente al tercer cargo.

Es menester señalar [que] nosotros nunca nos hemos pronunciado sobre los cargos I y II, los cuales, según la determinación de hecho Núm. 23 de la Resolución de la Comisión de 25 de enero de 1996 (pág. 14), son constitutivos de los delitos de apropiación ilegal agravada, usurpación y daños agravados, 33 L.P.R.A. secs. 4272, 4283 y 4286 respectivamente. La Comisión, aun reconociendo la gravedad de los hechos imputados, solamente recomendó censurar al querellado, en atención a que fue la parte perdidosa en el caso civil. En el informe de la Comisión se analizan los tres cargos en conjunto.

[3] La Comisión conservó la competencia en los cargos I y

de una vista, el 25 de enero de 1996, la Comisión emitió

una resolución en la que determinó que tenía competencia

para adjudicar los reclamos. Fundamentó su decisión en la

Regla 37 de las "Reglas de Procedimiento para Acciones

Disciplinarias y de Separación del Servicio por Razón de

Salud de Jueces del Tribunal de Primera Instancia y del

Tribunal de Apelaciones de Puerto Rico", según vigente en

el momento de los hechos[4]. (en adelante, Reglas de

Procedimiento).

Después que las partes expusieron sus

correspondientes teorías, se desfiló prueba tanto

documental como testifical. Aquilatada y ponderada la

misma, la Comisión emitió una resolución en la que hizo

---

II.

[4] El 14 de julio de 1995 enmendamos algunas de las Reglas de Procedimiento, entre éstas, la Regla 37. Tras la enmienda, dicho precepto dispuso, en su parte pertinente, de la siguiente manera:

> La presentación por el juez de la renuncia al cargo o la expiración del término de un nombramiento no impedirá que continúe el procedimiento disciplinario en su contra a los efectos de determinar si la conducta amerita la recomendación de que se impongan medidas disciplinarias contra el querellado como abogado.

A pesar que la Comisión emitió su resolución el 25 de enero de 1996, cuando la norma enmendada ya había entrado en vigor, ésta no es de aplicación a los hechos ante nuestra consideración, debido a que la querella contra el licenciado Campoamor Redín se presentó el 24 de junio de 1994 y éste cesó en sus funciones como juez en noviembre de 1994. Por lo tanto, para la solución del caso ante nuestra consideración, utilizaremos la Regla 37, según disponía antes de ser enmendada.

las siguientes determinaciones de hecho relacionadas con

la controversia que hoy nos ocupa:

16.   El querellado anunció al Lic. Luis A. Juan como testigo en el caso Civil Núm. JAC89-2509, Sucn. Ramón Ortiz Ortiz, et. als. v. Fernando Campoamor Redín, et. als. sobre sentencia declaratoria, *injunction* y daños y perjuicios en el Tribunal Superior, Sala de Ponce, allá para el 27 de noviembre de 1991 en un proyecto de acta preparado por las partes en el referido caso.

17.   Durante el período comprendido entre el 27 de noviembre de 1991 y los días 17, 18 y 19 de febrero de 1993, fecha en que se celebró la vista en su fondo del referido caso, JAC89-2509, el juez querellado entendió en los siguientes procedimientos judiciales en los cuales el Lic. Luis A. Juan, representaba a una de las partes: El Pueblo de Puerto Rico v. Luis Antonio Ortiz Cintrón, BVI92-G-0015, PD92-G-0079, LA92-G-0086 al 0089; El Pueblo de Puerto Rico v. José R. Rivera Torres, BLA92-G-0037, BVI92-G0004 y el Pueblo de Puerto Rico v. José Luis Meléndez Ortega, BDC91-M0004, BIC92-G-0013.

18.   La intervención del Lic. Luis A. Juan fueron [sic] en incidentes procesales representando a algunas de las partes, tales como moción de señalamiento, suspensión y otras análogas, a excepción de los casos de El Pueblo de Puerto Rico vs. José Luis Meléndez Ortega, donde se aceptó una alegación pre-acordada.

19.   El 14 de julio de 1992, el Hon. Fernando Campoamor Redín, presidió una vista en el caso de El Pueblo de Puerto Rico v. José Luis Meléndez Ortega, por mutilación y amenazas, criminal núm. BIC92-G-0013 y BDC91-M0004, donde compareció el Pueblo de Puerto Rico representado por el fiscal, Hon. Julio Vargas y el acusado personalmente y representado por el Lic. Luis A. Juan y el Lic. José M. Colón.  Se informó al tribunal de un pre-acuerdo consistente en que el acusado renuncia a su derecho a juicio por jurado y habría de restituir la suma de $10,000.00 a la parte perjudicada, Sra. Celia I. Meléndez.  Como consecuencia de ello, el Fiscal permitiría que el acusado formule alegación de culpabilidad por un delito menor comprendido de Agresión Agravada (menos grave) y por el delito de Amenaza, para que el acusado fuera referido a la consideración del oficial probatorio para hacer un estudio e

informe pre-sentencia. Se aceptó la renuncia al juicio por jurado, la alegación de culpabilidad formulada por el acusado y se declaró al acusado culpable y convicto por infracción del Art. 95 del Código Penal, en su modalidad menos grave y por el delito de amenaza refiriéndose al acusado a la consideración del oficial probatorio para el correspondiente informe presentencia. Se señaló el 15 de febrero de 1992 para el acto de dictar sentencia.

20. Durante la intervención del Lic. Luis A. Juan en los diversos incidentes no se levantó objeción por ninguna de las partes ni se solicitó la inhibición del Juez.

21. **La intervención del entonces Juez Campoamor Redín, en las situaciones señaladas en el Cargo Núm. III no violentó Canon de Etica alguno.**

24. **El Hon. Fernando Campoamor Redín, cesó en sus funciones de Juez Superior desde noviembre de 1994, por haber expirado el término de su cargo durante el mes de junio de 1994 y no ser renominado antes de la terminación de la próxima sesión legislativa.** (Énfasis nuestro.)

Con el beneficio de las determinaciones de hecho recogidas en el informe de la Comisión y aquilatadas las alegaciones de las partes, luego de un análisis de los documentos que obran en autos, estamos en posición de resolver.

III

En In re Liceaga, 82 D.P.R. 252, 257 (1961) decidimos que la "conducta impropia e inmoral observada por un juez puede dar lugar a su desaforo o suspensión como abogado, **aun cuando a la fecha de la iniciación de los procedimientos hubiese cesado como magistrado.**" (Énfasis nuestro.) Es decir, resolvimos que mantenemos nuestra jurisdicción disciplinaria sobre un ex juez,

independientemente de la razón por la cual éste haya cesado sus funciones como tal.

Posteriormente aprobamos las Reglas de Procedimiento, 131 D.P.R. 630 (1992), las que entraron en vigor el 24 de noviembre de 1992. La Comisión basó la determinación de que tenía competencia para continuar con el procedimiento disciplinario en la Regla 37, supra, pág. 670, la cual disponía, en su parte pertinente, lo siguiente:

REGLA 37  EFECTO DE RENUNCIA

Si la querella alega conducta constitutiva de delito, negligencia en el desempeño de sus funciones o violación a los Cánones de Ética Judicial o Profesional, la presentación por el juez de la renuncia al cargo no impedirá que continúe el procedimiento disciplinario en su contra si la naturaleza de la conducta imputada puede dar lugar a su desaforo o suspensión de la abogacía.

De la regla citada surgía claramente que la renuncia de un juez querellado no era óbice para que continuase un proceso disciplinario iniciado en su contra, cuando la conducta imputada constituía, a su vez, causal de desaforo o suspensión temporal.[5]

Para la adecuada solución del caso que hoy nos ocupa debemos determinar si el lenguaje de la Regla 37,

_____

[5] Cabe señalar que la acción disciplinaria llevada a cabo contra el ex Juez licenciado Campoamor Redín, que culminó con una censura enérgica y advertencia contra futuras actuaciones, se llevó a cabo al amparo de la Sec. 24 de la Ley Núm. 11 de 24 de julio de 1952, según enmendada, 4 L.P.R.A. sec. 232 y la Regla 13 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. 1-A. En la nota al calce Núm. 2 del caso In re Campoamor Redín, Op. de 19 de enero de 1996, 139 D.P.R. ___ (1996), 96 J.T.S. 5, específicamente indicamos que las Reglas de Procedimiento

supra, según vigente al momento de los hechos, también aplicaba a aquellas situaciones en las que un juez querellado cesaba en sus funciones, no por razón de renuncia, sino porque el término para el cual fue nombrado expiró sin que hubiera sido renominado. Para ello, debemos interpretar dicho precepto en virtud de la reconocida norma de hermenéutica de que las leyes deben interpretarse y aplicarse en comunión con el propósito social que las inspira. No deben desvincularse del problema humano cuya solución persiguen, ni descarnarse de las realidades de la vida que la sociedad misma ha proyectado sobre ellas, pues se tornaría ilusoria y se perdería en el vacío el deseo de justicia que las genera. Pueblo v. Zayas Rodríguez, res. el 17 de febrero de 1999, 99 TSPR 15; El Vocero de P.R. v. E.L.A., 131 D.P.R. 356, 432 (1992).

La Regla 37, supra, se aprobó con el propósito de evitar que la justicia se pudiera ver frustrada, tornando una querella en académica, solamente porque el juez querellado renunció a su cargo. Esto, a pesar de que la conducta alegada pudiese estar reñida con los Cánones de Ética Profesional y dar lugar a sanciones disciplinarias.

Resulta indudable que las querellas también podrían convertirse en académicas cuando el juez querellado cesa en su cargo porque finalizó el término de su

_____

no eran de aplicación a dicho caso.

nombramiento[6]. En consecuencia, un magistrado que haya incurrido en conducta reñida tanto con los Cánones de Ética Judicial como Profesional, podría quedar eximido de responsabilidad simplemente porque expiró su nombramiento. Ello es incompatible tanto con el propósito social de la Regla 37, supra, como con nuestra facultad inherente para reglamentar el ejercicio de la profesión de la abogacía. In re Gómez Morales, res. el 22 de octubre de 1998, 98 TSPR 139.

Si bien es cierto que el texto de la Regla 37, supra, no contemplaba el cese en el desempeño de las funciones de un juez por otra razón que la renuncia, no podemos interpretarlo restrictiva ni literalmente porque esto tendría un resultado opuesto al fin social que persigue dicha norma. Por el contrario, interpretaremos liberalmente la Regla 37, supra, según vigente al momento de los hechos, para evitar que la justicia se vea frustrada cuando un magistrado querellado deja de ocupar su cargo en otros supuestos, además de la renuncia.

Por lo tanto, a tenor con nuestra facultad inherente para disciplinar y destituir jueces y tomando en consideración el fin primordial de la Regla 37, supra, resolvemos que el cese en el desempeño de las funciones como juez, ya sea por motivo de renuncia, por la no renominación o por la separación del cargo, no era óbice

---

[6] Véase Nogueras v. Hernández Colón, 127 D.P.R. 638 (1991) sobre la expiración de los términos de los nombramientos de los jueces.

para que continuase el procedimiento disciplinario, si la naturaleza de la conducta imputada podía dar lugar al desaforo, a la suspensión de la abogacía o a otras medidas disciplinarias.

En conclusión, la Comisión tenía competencia para continuar con el procedimiento disciplinario incoado contra el licenciado Campoamor Redín, a pesar de que en ese momento él ya no ocupaba el cargo de juez.

IV

En la querella presentada por el Procurador General se le imputó al licenciado Campoamor Redín haber incurrido en violaciones a los Cánones XI y XII de Ética Judicial, 4 L.P.R.A. Ap. IV-A, sobre Imparcialidad e Independencia Judicial.

El Canon XI establece que el juez no solamente ha de ser imparcial, sino que su conducta ha de excluir toda posible apariencia de que se está actuando a base de influencias o motivaciones impropias. El Canon XII, por su parte, establece que el juez no debe entender en procedimiento judicial alguno, en el cual tienda a indicar perjuicio o parcialidad hacia otras personas o abogados que intervengan en el pleito o por haber prejuzgado el caso. Igualmente debe abstenerse de actuar en cualquier causa que pueda razonablemente arrojar duda sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia. El Canon reitera, además, que el juez deberá abstenerse de participar en un caso, tan pronto conozca de la causa de

inhibición, mediante resolución escrita en la que hará

constar dicha causa, con notificación de la misma a todas

las partes.  Canon XII, supra.[7]

---

[7] Los Cánones XI y XII establecen lo siguiente:

Canon XI.  Imparcialidad; conducta

El Juez no solamente ha de ser imparcial, sino que su conducta ha de excluir toda posible apariencia de que es susceptible de actuar a base de influencias de personas, grupos o partidos, o de ser influido por el clamor público, por consideraciones de popularidad o notoriedad, o por motivaciones impropias. Ha de tener siempre presente que su único empeño debe ser el de impartir justicia de conformidad con el Derecho aplicable, con absoluta ecuanimidad, y sin preocuparle el reconocimiento que pueda darse a su labor, ni la crítica injusta.

El Juez hará todo lo posible para que los funcionarios y empleados del tribunal que actúen bajo su dirección actúen de conformidad con estos principios en la medida en que sean aplicables a sus labores.

**Canon XII.  Limitaciones; inhibición**

El Juez no debe entender en procedimiento judicial alguno en que la ley le prohiba actuar, incluyendo, pero sin limitarse a cualesquiera de los casos siguientes:

Por tener prejuicio o parcialidad hacia cualesquiera de las personas o abogados que intervengan en el pleito o por haber prejuzgado el caso.

Por estar directa o indirectamente interesado en el resultado del caso.

Por haber sido abogado o asesor de cualesquiera de las partes o de sus abogados en la materia en controversia, o fiscal en una investigación o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración.

Por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado a los fines de expedir la orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal.

Por existir parentesco de consanguinidad o afinidad dentro del cuarto grado con el acusado, con la víctima del delito, con el abogado defensor o el fiscal o con un miembro del jurado en un procedimiento criminal, o con cualesquiera

Estos preceptos son similares a la Sec. 455(a) del Código Judicial Federal, 28 U.S.C. sec. 455, que establece que cualquier juez o magistrado de los Estados Unidos deberá inhibirse de entender en procedimientos en los cuales su imparcialidad pueda ser razonablemente cuestionada. El estándar utilizado en el ámbito federal para la aplicación de este estatuto es uno objetivo: si una persona razonable, con conocimiento de todas las circunstancias, tendría dudas sobre la imparcialidad de juez. Véase Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters, Sec. 3549, pág. 499, Vol. 13A, Supp. (1998); Feminist Women's Health Center v. Codispoti, 69 F.3d. 399, 400 (9th. Cir. 1995); Moideen v. Gillespie, 55 F.3d. 1478, 1482 (9th. Cir. 1995); Yagman v. Republic Ins. 987 F. 2d. 622, 626 (9th. Cir. 1993); U.S. v. Greenough, 782 F.2d. 1556, 1558 (11th. Cir. 1986); The State of Idaho v. Freeman, 478 F. Supp. 33, 35 (1979).

Estos valores también han sido plasmados en las Reglas de Procedimiento Civil. La Regla 63.1(e) de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece las

---

de las partes o sus abogados en un procedimiento civil.

Por intervenir en el procedimiento ante él una persona natural que le haya facilitado o gestionado algún préstamo, o una persona jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales.

Por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a

causas para solicitar la inhibición de un juez. Este precepto dispone que deberá inhibirse un juez, a su propia iniciativa o a recusación de parte, entre otras razones, por estar interesado en el resultado del caso o tener prejuicio o parcialidad personal hacia cualquiera de las partes o sus abogados, **o por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia**. (Énfasis nuestro.)

Un análisis ponderado de los documentos que obran en autos, nos lleva a concluir que la Comisión no erró al determinar que el licenciado Campoamor Redín no adjudicó derecho alguno que favoreciera a los clientes del Lcdo. Luis A. Juan. Esto, a pesar de que el querellado intervino como juez en casos en los que el licenciado Juan comparecía como abogado. No obstante, discrepamos de su determinación de que no se configuró violación a canon alguno.

Reiteradamente hemos resuelto que los jueces no deben aceptar encomiendas o labores que pongan en riesgo la imagen de imparcialidad y sobriedad que enaltece a la judicatura ni que arrojen dudas acerca de su capacidad para actuar con ecuanimidad. In re: Campoamor Redín, res. 19 de enero de 1996, 139 D.P.R.____(1996), 96 J.T.S. 5, a la pág. 576; Pueblo v. Robles González, 125 D.P.R. 750,766, esc. 7 (1990); Pueblo v. Miranda Marchand, 117

---

minar la confianza pública en el sistema de

D.P.R. 303 (1986). Según hemos expresado, "[a]l impartir justicia debe ser preocupación de todo juez no sólo resolver de acuerdo con la ley y los dictados de su conciencia, sino también transmitirle a las partes el convencimiento de que verdaderamente han tenido un día en corte." Emanuelli Fontánez v. Emanuelli Lugo, 87 D.P.R. 380, 385 (1963).

El licenciado Campoamor Redín violó los Cánones XI y XII, supra, al colocarse en una posición en la que su imparcialidad pudo ser razonablemente cuestionada. Su imprudencia fue lesiva a la confianza pública en el sistema de justicia, ya que, si bien es cierto que pudo hacer abstracción de su propio beneficio y resolver conforme a derecho, también debió velar porque la balanza en que se pesan los derechos de los ciudadanos estuviese libre de sospechas. Valentín v. Torres, 80 D.P.R. 463, 482 (1958). Consideramos que el licenciado Campoamor Redín tenía el deber ético de abstenerse de participar en incidentes procesales en los que el Lcdo. Luis A. Juan compareciese como abogado, para evitar mancillar la imagen de la judicatura. Así lo requerían la prudencia y el buen juicio.

La conducta del licenciado Campoamor Redín estuvo reñida, además, con el Canon 38 de Éica Profesional. Este postula que los abogados, y los jueces también son abogados, deben evitar hasta la apariencia de conducta

---

justicia.

profesional impropia. Hemos expresado que en casos donde la ley o la reglamentación no prohiba una actuación o intervención como abogado, el buen juicio aconseja que, para evitar aun la apariencia de conducta impropia o conflicto de intereses, se abstenga de intervenir en los mismos. In re Colón Ramery, 133 D.P.R. 555 (1993); In re Carreras Rovira y Suárez Zayas, 115 D.P.R. 778,785 (1984). La infracción de dicho canon podría incluso conllevar la suspensión temporal o el desaforo del ejercicio de la profesión.

V

Por todo lo anteriormente expuesto, merece el Lcdo. Fernando Campoamor Redín, otra vez, nuestra más enérgica censura y apercibimiento de que no toleraremos futuras actuaciones que frustren la fe y minen la confianza del pueblo en el sistema de justicia y en la profesión legal en general, ahora, desde su nuevo rol como representante legal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

Fernando Campoamor Redín                 PAD-1994-02




SENTENCIA


**San Juan, Puerto Rico, a 24 de enero de 2000**


Por los fundamentos expuestos en la Per Curiam que antecede, censuramos enérgicamente las actuaciones del Lcdo. Fernando Campoamor Redín y lo apercibimos nuevamente de que no toleraremos futuras actuaciones lesivas a la confianza del pueblo en el sistema de justicia y en la profesión legal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente por entender que lo que resulta procedente es archivar la queja sin ulterior trámite. El Juez Presidente señor Andréu García está inhibido.



Isabel Llompart Zeno
Secretaria del Tribunal Supremo