*In re* FRANCISCO ORTIZ RIVERA, EX JUEZ SUPERIOR DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, querellado.

*Número:* AD-2002-1 *Resuelto:* 21 de diciembre de 2004

532

*Aida N. Molinary De la Cruz*, presidenta de la Comisión de Disciplina y Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones de Puerto Rico; *Ivonne Díaz Pérez* y *Alcides Oquendo Solís*, abogados de la Oficina de Admi-

nistración de los Tribunales, parte querellante; *Julio E. Torres*, abogado del querellado.

PER CURIAM: La Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones (Comisión) nos recomienda el archivo de cierta querella presentada contra el entonces juez, Lcdo. Francisco Ortiz Rivera, por alegadas violaciones a los Cánones de Ética Judicial de Puerto Rico (Cánones de Ética Judicial). En vista de que en el expediente ante nuestra consideración no existe evidencia fehaciente que demuestre una conducta reñida con los mencionados cánones ni con los cánones del Código de Ética Profesional, desestimamos la querella presentada contra el Lcdo. Francisco Ortiz Rivera y ordenamos el archivo del asunto. Veamos.

I

A principios del 2002, el Fiscal Federal para el Distrito de Puerto Rico, Hon. Guillermo Gil Bonar, envió una carta al entonces Juez Presidente del Tribunal Supremo de Puerto Rico, Hon. José A. Andréu García, en la que imputó ciertas irregularidades a varios jueces de la Región Judicial de Ponce, entre éstos, al licenciado Ortiz Rivera. A raíz de esa comunicación, el Juez Presidente Interino de este Tribunal, Hon. Francisco Rebollo López, relevó temporalmente al licenciado Ortiz Rivera de sus funciones como Juez Superior y refirió el asunto a la Directora Administrativa de los Tribunales para su correspondiente investigación.[1] Posteriormente, la Oficina de Administración de los Tribunales (O.A.T.) presentó ante nos su informe, el cual incluyó determinaciones sobre los hechos imputados al licenciado Ortiz Rivera en la misiva del Hon.

[1] Esa determinación la tomó el Hon. Francisco Rebollo López en consulta con el entonces Juez Presidente, Hon. José A. Andréu García, quien se encontraba de viaje oficial fuera de Puerto Rico y quien estuvo de acuerdo con la decisión.

Guillermo Gil Bonar. Además, esbozó determinaciones sobre otros hechos que se desprendieron de esa investigación referentes a que el licenciado Ortiz Rivera no se inhibió voluntariamente de actuar como juez en los casos criminales en que intervino el Lcdo. Pablo Colón Santiago (licenciado Colón Santiago), abogado que postulaba frecuentemente ante él y que lo representó en un procedimiento judicial de divorcio. Este informe fue referido a la Comisión.

Luego de los trámites pertinentes, el Comisionado Especial designado al caso, Wilfredo Alicea López, rindió un informe en el cual recomendó la desestimación de los cargos imputados al licenciado Ortiz Rivera a raíz de la carta del Hon. Guillermo Gil Bonar. Además, propuso la revocación de las medidas disciplinarias impuestas al licenciado Ortiz Rivera. Sin embargo, determinó causa probable por posibles violaciones a los Cánones I, XII y XXVI de Ética Judicial, 4 L.P.R.A. Ap. IV-A,[2] por la conducta que desplegó el licenciado Ortiz Rivera al no inhibirse como juez en los casos que presentó ante él el licenciado Colón Santiago.

En vista de ello, la Directora de la O.A.T. presentó una querella contra el entonces juez Ortiz Rivera, en la cual le imputó haber violado los Cánones I, XII y XXIV de Ética Judicial, *supra*. Por su parte, el licenciado Ortiz Rivera contestó la querella y negó que las alegaciones en su contra configurasen violaciones a los mencionados cánones.

Así las cosas, las partes presentaron ante la Comisión toda la evidencia estipulada y dieron por sometido su

---

[2] El Canon I de Ética Judicial, 4 L.P.R.A. Ap. IV-A, dispone la norma general de que los jueces deben velar por que sus actuaciones respondan a normas de conducta que, además de honrar la integridad e independencia de su cargo, estimulen el respeto y la confianza del pueblo en la Judicatura. Por otro lado, el Canon XII del mismo cuerpo establece ciertas circunstancias en las cuales un juez debe inhibirse. Finalmente, el Canon XXVI de Ética Judicial preceptúa que esos cánones son normas mínimas de comportamiento que todo juez debe observar.

caso.(³) Evaluada la prueba, la Comisión emitió su informe, en el cual concluyó que de ésta no surgía evidencia clara y convincente que sustentara los cargos presentados contra el licenciado Ortiz Rivera. Además, consignó en ese informe que estos cargos no eran de tal naturaleza que tuvieran implicaciones sobre los cánones del Código de Ética Profesional. A la luz de lo anterior, recomendó el archivo de la querella.

Con el beneficio del informe aludido y de la evidencia presentada por las partes, resolvemos.

## II

■ Como se sabe, en los Cánones de Ética Judicial permea un axioma importantísimo para la preservación de la fe y la confianza públicas en los procesos judiciales. Esto es, el juez no sólo debe ser imparcial, sino que también tiene que aparentarlo. Es decir, su conducta debe excluir toda apariencia de que es susceptible de actuar a base de influencias de personas, grupos o partidos, o cualquier otra consideración o motivación impropia. Canon XI de Ética Judicial, 4 L.P.R.A. Ap. IV-A.

■ Al respecto, el ex Juez Asociado del Tribunal Supremo, Hon. Carlos J. Irizarry Yunqué, expresa lo siguiente:

> [E]l juez, como tal, es el árbitro designado por la sociedad, a través del Estado, para juzgar la conducta humana. Y para poder merecer el respeto de la sociedad y el acatamiento de sus decisiones, ha de ser, y ser visto, como un ser humano sin tacha. Ello exige, no solamente ser bueno, sino también parecerlo. C.J. Irizarry Yunqué, *La Ética Judicial*, Año 9 (Núms. 1–4) Forum 4 (1993).

■ Como corolario de lo anterior, el juez tiene que ser

---

(³) Particularmente, estipularon el hecho de que el 31 de diciembre de 2002, el entonces juez Ortiz Rivera se había retirado de la Judicatura.

previsor y analizar las posibles consecuencias de sus actos en términos de las impresiones que podrían recibir terceras personas. R.J. Torres Torres, *Cánones de Ética Judicial de Puerto Rico*, Año 9 (Núms. 1–4) Forum 7, 16 (1993). Además, debe siempre estar muy pendiente de situaciones que puedan afectar negativamente su imagen y poner en duda su sano e independiente criterio judicial. L.M. Negrón, *Ética y disciplina judicial en Puerto Rico*, San Juan, 1987, pág. 131.

En ánimo de procurar la imparcialidad y ecuanimidad que se espera de todo juez tanto de hecho como de apariencia, el Canon XII de Ética Judicial, *supra*, establece a manera ilustrativa diversas situaciones en las que el juez se debe inhibir. Estas situaciones comprenden tanto la existencia de prejuicio o parcialidad de parte del juez hacia cualquier persona o abogado en el pleito, como la posible apariencia de parcialidad. Así surge del inciso (g) del mencionado canon, el cual establece que el juez deberá inhibirse "[p]or cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia". 4 L.P.R.A. Ap. IV-A, C. XII(g). En tales casos, tan pronto conozca la causa de inhibición, el juez deberá abstenerse de participar en el procedimiento mediante resolución escrita, en la que hará constar esa causa y la notificará a las partes. Íd.; *In re Campoamor Redín*, 150 D.P.R. 138 (2000). Con ese precepto se atienden aquellas circunstancias que, aun cuando el juez actuara correctamente, podrían crear una impresión negativa respecto al Poder Judicial, toda vez que engendran la posibilidad de que una persona razonable dude de la imparcialidad del magistrado. Véase Torres Torres, *supra*, pág. 17.

El principio de imparcialidad judicial está también plasmado en el Canon XXIV de Ética Judicial, 4 L.P.R.A. Ap. IV-A. Éste le impone al juez el deber de ser escrupuloso para así evitar actuaciones que razonable-

mente puedan dar lugar a la impresión de que sus relaciones sociales, sean éstas de familia, de amistad o de negocio, influyen de alguna manera en su ánimo judicial. Sin embargo, esto no significa que el juez tenga que vivir en el aislamiento.

> La obligación de proyectar una imagen de imparcialidad y objetividad, además de ser imparciales y objetivos, no implica que el juez deba convertirse en un ermitaño. Por el contrario, para el desempeño adecuado de la función judicial se requiere que el juez, lejos de enclaustrarse, funcione efectivamente como cualquier otro ciudadano. Lo que el canon exige es comedimiento, justa medida, prudencia, razonabilidad. Torres Torres, *supra*, pág. 26.

Con este marco jurídico, evaluemos los hechos que nos ocupan.

### III

En el presente caso, y según surge del expediente, mientras el licenciado Ortiz Rivera se desempeñaba como Juez Superior en el Centro Judicial de Ponce, Sala de lo Criminal, contrató los servicios profesionales del licenciado Colón Santiago, abogado que postulaba con regularidad ante él, para que lo representara en un procedimiento judicial de divorcio. Aceptada la representación legal, el licenciado Colón Santiago presentó una demanda de divorcio en el Tribunal de Primera Instancia, Sala Superior de Guayama, en la cual se alegó la causal de separación. La ex esposa del licenciado Ortiz Rivera, la Sra. Edith Santini Vázquez, presentó su contestación a la demanda y aceptó todas las alegaciones. Previa la celebración de una vista, se declaró disuelto el vínculo matrimonial. Ese procedimiento se llevó a cabo en un término de treinta y un días, según la investigación llevada a cabo por la O.A.T.

Transcurridos casi tres años desde la adjudicación del divorcio, se solicitó la inhibición del entonces juez Ortiz Rivera en un caso criminal que éste atendía. En ese caso

intervenían varios abogados que compartían sus oficinas con el licenciado Colón Santiago. El Ministerio Público adujo que el juez Ortiz Rivera tenía que inhibirse, ya que el licenciado Colón Santiago lo había representado en el procedimiento judicial de divorcio. No obstante, aclaró que no estaba fundamentando su solicitud a base de que el juez tuviera interés en el caso, tuviera opinión formada o prejuicio contra cualquiera de las partes, o hubiera prejuzgado el caso, por lo que solicitó que el asunto fuera atendido por el propio licenciado Ortiz Rivera.([4]) Aún así, este último refirió la moción a la Juez Administradora del Centro Judicial de Ponce quien, luego de escuchar los planteamientos de las partes, resolvió que no procedía la inhibición. El antiguo Tribunal de Circuito de Apelaciones confirmó ese dictamen. Una vez devuelto el caso al foro de instancia, el licenciado Ortiz Rivera lo transfirió a otra sala para que fuera dilucidado hasta su culminación, a pesar de que no tenía que inhibirse conforme a las determinaciones judiciales aludidas.

De otra parte, no surge del expediente que el licenciado Colón Santiago haya intervenido en algún otro procedimiento en representación del licenciado Ortiz Rivera o que le haya provisto otros servicios relacionados o similares mientras éste se desempeñaba como Juez Superior. No se desprende, además, que el licenciado Colón Santiago haya postulado ante el entonces juez Ortiz Rivera mientras se llevó a cabo el mencionado proceso de divorcio. Tampoco se nos ha presentado evidencia fehaciente de que entre este último y el licenciado Colón Santiago existiera una relación aparte de la estrictamente profesional. Además, el licenciado Colón Santiago declaró haberle cobrado honorarios por sus servicios al licenciado Ortiz Rivera.

■ En vista de lo anterior, somos del criterio que el

---

([4]) En esencia, el Ministerio Público planteó que, por no estar presentes los fundamentos (d) y (f) de la Regla 76 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, su solicitud de inhibición fuese discutida ante el mismo juez.

licenciado Ortiz Rivera no desplegó conducta reñida con los Cánones de Ética Judicial. Como se puede apreciar, la relación abogado-cliente entre el entonces juez Ortiz Rivera y el licenciado Colón Santiago fue de carácter esporádico e incidental, pues se dio en el contexto de un pleito de divorcio no contencioso, cuyo procedimiento fue relativamente corto y en el cual sólo se dilucidó la disolución del vínculo matrimonial de las partes. Asimismo, surge de los testimonios vertidos en la investigación que el referido procedimiento judicial de divorcio pasó por desapercibido entre los que laboraban en el Centro Judicial de Ponce y entre algunos de los abogados que postulaban en esa región. Habida cuenta de que no existe evidencia de otros acontecimientos suscitados entre el licenciado Colón Santiago y el entonces juez Ortiz Rivera, el mero hecho de que el primero haya representado legalmente al último en el procedimiento legal aludido no es suficiente como para sancionar al aquí querellado. Adviértase que la prohibición de los Cánones de Ética Judicial respecto a la apariencia de imparcialidad, se circunscribe a aquellas circunstancias que puedan *razonablemente* dar lugar a la impresión de que el juez tomará consideraciones ajenas al momento de emitir su criterio judicial. Ello no significa que cualquier contacto con los miembros de la profesión legal o con cualquier otro ciudadano active mecánicamente la inhibición del juez en los procedimientos en que éstos intervengan. El juez no tiene que vivir en el aislamiento.

Ciertamente, los hechos particulares de este caso demostraron el compromiso del licenciado Ortiz Rivera de mantener hasta la apariencia de imparcialidad. Así se desprende de su proceder cuando fue confrontado tres años después de su divorcio con una solicitud de inhibición en un procedimiento criminal que presidía. Éste no sólo procedió a referir el asunto a otro juez para que evaluara los planteamientos esbozados a favor de su inhibición, sino que *motu proprio* transfirió el caso a otra sala para que lo

atendiera otro juez, aun cuando se determinó que su inhibición no procedía en derecho.

 Precisa señalar, además, que de los autos no surge conducta violatoria de los cánones del Código de Ética Profesional.(⁵) En particular, somos de la opinión que la conducta del licenciado Ortiz Rivera no estuvo reñida con el Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual postula que el abogado deberá esforzarse al máximo de su capacidad en la exaltación del honor y la dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales, y debe evitar hasta la apariencia de conducta profesional impropia.(⁶) No hemos descubierto evidencia de que la aludida relación abogado-cliente entre el entonces juez Ortiz Rivera y el licenciado Colón Santiago haya provocado algún incidente reñido con los mencionados cánones.

## IV

Por los fundamentos expuestos, y en vista de que las actuaciones del Lcdo. Francisco Ortiz Rivera no constituyen violaciones a los Cánones de Ética Judicial ni motivan sanción alguna al amparo de los cánones del Código de Ética Profesional, se desestima la querella presentada en su contra y se ordena el archivo del asunto.

*Se dictará sentencia de conformidad.*

---

(⁵) Como se sabe, aun cuando un juez haya cesado de sus funciones, procede la imposición de medidas disciplinarias en su contra si su conducta estuvo reñida con alguno de los cánones del Código de Ética Profesional. Véanse: Regla 37 para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de los Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XV-A; *In re Santiago Rodríguez*, 160 D.P.R. 245 (2003); *In re Suárez Marchán*, 159 D.P.R. 724 (2003); *In re Campoamor Redín*, 150 D.P.R. 138 (2000); *In re Lugo Rodríguez*, 149 D.P.R. 551 (1999).

(⁶) Además, tal y como hemos expresado, la apariencia de conducta impropia, de haberla, tiene que sostenerse sobre la impresión que se da al público de la violación efectiva de alguno de los cánones del Código de Ética Profesional. *In re Ortiz Martínez*, 161 D.P.R. 572 (2004); *In re Sepúlveda Girón*, 155 D.P.R. 345 (2001).

Los Jueces Asociados Señores Rebollo López y Corrada Del Río no intervinieron.