EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Francisco Ortiz Rivera<br>Ex-Juez Superior<br>Tribunal de Primera Instancia<br>Sala Superior de Ponce | 2004 TSPR 209<br><br>163 DPR ___ |

Número del Caso: AD-2002-1

Fecha: 21 de diciembre de 2004

Oficina de Administración de los Tribunales:

Lcda. Ivonne Díaz Pérez
Lcdo. Alcides Oquendo Solís
Oficina de Asuntos Legales

Abogado de la Parte Querellada:

Lcdo. Julio Eduardo Torres

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francisco Ortiz Rivera
Ex-Juez Superior                    AD-2002-1
Tribunal de Primera Instancia
Sala Superior de Ponce


PER CURIAM


San Juan, Puerto Rico, a 21 de diciembre de 2004.


La Comisión de Disciplina y de Separación del
Servicio por Razón de Salud de Jueces del
Tribunal de Primera Instancia y del Tribunal de
Circuito de Apelaciones (en adelante la Comisión)
nos recomienda el archivo de cierta querella
presentada contra el entonces juez, Lcdo.
Francisco Ortiz Rivera, por alegadas violaciones
a los Cánones de Ética Judicial, 4 L.P.R.A. Ap.
IV-A. En vista de que en el expediente ante
nuestra consideración no existe evidencia
fehaciente que demuestre conducta reñida con los
mencionados cánones ni con los Cánones de Ética
Profesional, 4 L.P.R.A. Ap. IX, desestimamos la

querella presentada contra el Lcdo. Francisco Ortiz Rivera y ordenamos el archivo del asunto. Veamos.

I

A principios del año 2002, el Fiscal Federal para el Distrito de Puerto Rico, Hon. Guillermo Gil Bonar, envió una carta al entonces Juez Presidente del Tribunal Supremo de Puerto Rico, Hon. José A. Andréu García, en la que imputó ciertas irregularidades a varios jueces de la Región Judicial de Ponce, entre éstos, al licenciado Ortiz Rivera. A raíz de dicha comunicación, el Juez Presidente Interino de este Tribunal, Hon. Francisco Rebollo López, relevó temporalmente al licenciado Ortiz Rivera de sus funciones como Juez Superior y refirió el asunto a la Directora Administrativa de los Tribunales para su correspondiente investigación.[1] Posteriormente, la Oficina de Administración de Tribunales (en adelante OAT) presentó ante nos su informe, el cual incluyó determinaciones sobre los hechos imputados al licenciado Ortiz Rivera en la misiva del Hon. Guillermo Gil Bonar. Además, esbozó determinaciones sobre otros hechos que se desprendieron de dicha investigación referentes a que el licenciado Ortiz Rivera no se había inhibido voluntariamente de actuar como juez en los casos criminales en que intervino el Lcdo. Pablo Colón Santiago

---

[1] Dicha determinación fue tomada por el Hon. Francisco Rebollo López en consulta con el entonces Juez Presidente, Hon. José A. Andréu García, quien se encontraba de viaje oficial fuera de Puerto Rico y quien estuvo de acuerdo con dicha decisión.

(en adelante licenciado Colón Santiago), abogado que postulaba frecuentemente ante él y que lo representó en un procedimiento judicial de divorcio. Este informe fue referido a la Comisión.

Luego de los trámites pertinentes, el Comisionado designado al caso, Wilfredo Alicea López, rindió un informe en el cual recomendó la desestimación de los cargos imputados al licenciado Ortiz Rivera a raíz de la carta del Hon. Guillermo Gil Bonar. Además, propuso la revocación de las medidas disciplinarias impuestas al licenciado Ortiz Rivera. Sin embargo, determinó causa probable por posibles violaciones a los Cánones I, XII y XXVI de Ética Judicial, *supra*,[2] por la conducta desplegada por el licenciado Ortiz Rivera al no inhibirse como juez en los casos presentados ante él por el licenciado Colón Santiago.

En vista de ello, la Directora de la OAT presentó querella contra el entonces Juez Ortiz Rivera imputándole haber violado los Cánones I, XII y XXIV de Ética Judicial, *supra*. Por su parte, el licenciado Ortiz Rivera contestó la querella y negó que las alegaciones en su contra configurasen violaciones a los mencionados cánones.

---

[2] El Cánon I de Ética Judicial, *supra*, dispone la norma general de que los jueces deben velar por que sus actuaciones respondan a normas de conducta que, además de honrar la integridad e independencia de su cargo, estimulen el respeto y la confianza del pueblo en la Judicatura. Por otro lado, el Canon XII del mismo cuerpo establece ciertas circunstancias en las cuales un juez debe inhibirse. Finalmente, el Canon XXVI de Ética Judicial preceptúa que dichos cánones son normas mínimas de comportamiento que todo(a) juez(a) debe observar.

Así las cosas, las partes presentaron ante la Comisión toda la evidencia estipulada y dieron por sometido su caso.[3] Evaluada la prueba, la Comisión emitió su informe en el cual concluyó que de la misma no surgía evidencia clara y convincente que sustentara los cargos presentados contra el licenciado Ortiz Rivera. Además, consignó en dicho informe que estos cargos no eran de tal naturaleza que tuvieran implicaciones sobre los Cánones de Ética Profesional, *supra*. A la luz de lo anterior, recomendó el archivo de la querella.

Con el beneficio del informe aludido y de la evidencia presentada por las partes, resolvemos.

II

Como se sabe, en los Cánones de Ética Judicial, *supra*, permea un axioma importantísimo para la preservación de la fe y la confianza pública en los procesos judiciales. Esto es, el juez no sólo debe ser imparcial, también tiene que aparentarlo. Es decir, su conducta debe excluir toda apariencia de que es susceptible de actuar a base de influencias de personas, grupos o partidos, o cualquier otra consideración o motivación impropia. 4 L.P.R.A. Ap. IV-A C. XI.

> [E]l juez, como tal, es el árbitro designado por la sociedad, a través del Estado, para juzgar la conducta humana. Y para poder merecer el respeto de la sociedad y el acatamiento de sus decisiones,

---

[3] Particularmente, estipularon el hecho de que el 31 de diciembre de 2002, el entonces Juez Ortiz Rivera se había retirado de la judicatura.

> ha de ser, y ser visto, como un ser humano sin
> tacha. Ello exige, no solamente ser bueno, sino
> también parecerlo. Carlos J. Irizarry Yunque, *La
> Ética Judicial*, Forum 1-4, 1993, pág. 4.

Como corolario de lo anterior, el juez tiene que ser previsor y analizar las posibles consecuencias de sus actos en términos de las impresiones que podrían recibir terceras personas. Torres Torres, *supra*, pág. 16. Además, debe siempre estar muy pendiente de situaciones que puedan afectar negativamente su imagen y poner en duda su sano e independiente criterio judicial. Luis Mariano Negrón, *Ética y Disciplina Judicial en Puerto Rico*, 1987, pág. 131.

En ánimo de procurar la imparcialidad y ecuanimidad que se espera de todo juez tanto de hecho como de apariencia, el Canon XII de Ética Judicial, *supra*, establece a manera ilustrativa diversas situaciones en las que el juez debe inhibirse. Las mismas comprenden tanto la existencia de prejuicio o parcialidad de parte del juez hacia cualquier persona o abogado en el pleito, como la posible apariencia de parcialidad. Así surge del inciso (g) del mencionado canon, el cual establece que el juez deberá inhibirse "[p]or cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia". 4 L.P.R.A. Ap. IV-A C. XII(g). En tales casos, tan pronto conozca la causa de inhibición, el juez deberá abstenerse de participar en el procedimiento mediante resolución escrita en la que hará constar dicha

causa y la cual notificará a las partes. *Id*.; In re Campoamor Redín II, 150 D.P.R. 138 (2000). Con dicho precepto se atienden aquellas circunstancias que, aun cuando el juez actuara correctamente, podrían crear una impresión negativa respecto al Poder Judicial, toda vez que engendran la posibilidad de que una persona razonable dude de la imparcialidad del magistrado. *Véase*, Torres Torres, *supra*, pág. 17.

El principio de imparcialidad judicial está también plasmado en el Canon XXIV de Ética Judicial, *supra*. Éste le impone al juez el deber de ser escrupuloso en evitar actuaciones que razonablemente puedan dar lugar a la impresión de que sus relaciones sociales, sean éstas de familia, de amistad o de negocio, influyen de alguna manera en su ánimo judicial. Sin embargo, esto no significa que el juez tenga que vivir en el aislamiento.

> La obligación de proyectar una imagen de imparcialidad y objetividad, además de ser imparciales y objetivos, no implica que el juez deba convertirse en un ermitaño. Por el contrario, para el desempeño adecuado de la función judicial se requiere que el juez, lejos de enclaustrarse, funcione efectivamente como cualquier otro ciudadano. Lo que el canon exige es comedimiento, justa medida, prudencia, razonabilidad. Torres Torres, *supra*, pág. 26.

Con este marco jurídico, evaluemos los hechos que nos ocupan.

III

En el presente caso, y según surge del expediente, mientras el licenciado Ortiz Rivera se desempeñaba como

Juez Superior en el Centro Judicial de Ponce, Sala de lo Criminal, contrató los servicios profesionales del licenciado Colón Santiago, abogado que postulaba con regularidad ante él, para que lo representara en un procedimiento judicial de divorcio. Aceptada la representación legal, el licenciado Colón Santiago presentó demanda de divorcio en el Tribunal de Primera Instancia, Sala Superior de Guayama, en la cual se alegó la causal de separación. La ex-esposa del licenciado Ortiz Rivera, la Sra. Edith Santini Vázquez, presentó su contestación a la demanda y aceptó todas las alegaciones. Previa la celebración de una vista, se declaró disuelto el vínculo matrimonial. Dicho procedimiento se llevó a cabo en un término de treinta y un (31) días, según la investigación llevada a cabo por la OAT.

Transcurridos casi tres años desde la adjudicación del divorcio, se solicitó la inhibición del entonces Juez Ortiz Rivera en un caso criminal que éste atendía. En dicho caso intervenían varios abogados que compartían sus oficinas con el licenciado Colón Santiago. El Ministerio Público adujo que el Juez Ortiz Rivera tenía que inhibirse, toda vez que el licenciado Colón Santiago lo había representado en el procedimiento judicial de divorcio. No obstante, aclaró que no estaba fundamentando su solicitud a base de que dicho Juez tuviera interés en el caso, tuviera opinión formada o prejuicio contra cualquiera de las partes, o hubiera

prejuzgado el caso, por lo que solicitó que el asunto fuera atendido por el propio licenciado Ortiz Rivera.[4] Aún así, este último refirió dicha moción a la Juez Administradora del Centro judicial de Ponce quien, luego de escuchar los planteamientos de las partes, resolvió que no procedía la inhibición. El antiguo Tribunal de Circuito de Apelaciones confirmó dicho dictamen. Una vez devuelto el caso al foro de instancia, el licenciado Ortiz Rivera lo transfirió a otra sala para que fuera dilucidado hasta su culminación, a pesar de que no tenía que inhibirse conforme a las determinaciones judiciales aludidas.

De otra parte, no surge del expediente que el licenciado Colón Santiago haya intervenido en algún otro procedimiento en representación del licenciado Ortiz Rivera o le haya provisto otros servicios relacionados o similares, mientras éste se desempeñaba como Juez Superior. No se desprende, además, que el licenciado Colón Santiago haya postulado ante el entonces Juez Ortiz Rivera mientras se llevó a cabo el mencionado proceso de divorcio. Tampoco se nos ha presentado evidencia fehaciente de que entre este último y el licenciado Colón Santiago existiera una relación aparte de la estrictamente profesional. Además, el licenciado Colón Santiago declaró haberle cobrado honorarios al licenciado Ortiz Rivera por sus servicios.

---

[4] En esencia, el Ministerio Público planteó que, por no estar presentes los fundamentos (d) y (f) de la Regla 76 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 76, su solicitud de inhibición fuese discutida ante el mismo juez.

En vista de lo anterior, somos del criterio que el licenciado Ortiz Rivera no desplegó conducta reñida con los Cánones de Ética Judicial, *supra*. Como se puede apreciar, la relación abogado-cliente entre el entonces Juez Ortiz Rivera y el licenciado Colón Santiago fue una de carácter esporádico e incidental, pues se dio en el contexto de un pleito de divorcio no contencioso, cuyo procedimiento fue relativamente corto y en el cual sólo se dilucidó la disolución del vínculo matrimonial de las partes. Asimismo, surge de los testimonios vertidos en la investigación que el referido procedimiento judicial de divorcio pasó por desapercibido entre los que laboraban en el Centro Judicial de Ponce y entre algunos de los abogados que postulaban en dicha región. Habida cuenta de que no existe evidencia de otros acontecimientos suscitados entre el licenciado Colón Santiago y el entonces Juez Ortiz Rivera, el mero hecho de que el primero haya representado legalmente al último en el procedimiento legal aludido no es suficiente como para sancionar al aquí querellado. Adviértase que la prohibición de los Cánones de Ética Judicial, *supra*, respecto a la apariencia de imparcialidad se circunscribe a aquellas circunstancias que puedan razonablemente dar lugar a la impresión de que el juez tomará consideraciones ajenas al momento de emitir su criterio judicial. Ello no significa que cualquier contacto con los miembros de la profesión legal o con cualquier otro ciudadano active mecánicamente

la inhibición del juez en los procedimientos en que éstos intervengan. El juez no tiene que vivir en el aislamiento.

Ciertamente, los hechos particulares de este caso demostraron el compromiso del licenciado Ortiz Rivera de mantener hasta la apariencia de imparcialidad. Así se desprende de su proceder cuando fue confrontado tres años después de su divorcio con una solicitud de inhibición en un procedimiento criminal que presidía. Este no sólo procedió a referir el asunto a otro juez para que evaluara los planteamientos esbozados a favor de su inhibición, sino que *motu proprio* transfirió el caso a otra sala para que fuera atendido por otro juez, aun cuando se determinó que su inhibición no procedía en derecho.

Precisa señalar, además, que de los autos no surge conducta violatoria de los Cánones de Ética Profesional, *supra*.[5] En particular, somos de la opinión que la conducta del licenciado Ortiz Rivera no estuvo reñida con el Canon 38 de Ética Profesional, *supra*, el cual postula que el abogado deberá esforzarse, al máximo de su capacidad, en la

---

[5] Como se sabe, aun cuando un juez haya cesado sus funciones, procede la imposición de medidas disciplinarias en su contra si su conducta estuvo reñida con alguno de los Cánones de Ética Profesional, *supra*. *Véase* Regla 37 para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de los Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XV-A R. 37; In re Elba Santiago Rodríguez, res. el 20 de agosto de 2003, 2003 TSPR 137; In re Suárez Marchán, res. el 30 de junio de 2003, 2003 TSPR 115; In re Campoamor Redín II, *supra*; In re Lugo Rodríguez I, 149 D.P.R. 551 (1999).

exaltación del honor y la dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia.[6] No hemos descubierto evidencia de que la aludida relación abogado-cliente entre el entonces Juez Ortiz Rivera y el licenciado Colón Santiago haya provocado algún incidente reñido con los mencionados cánones.

IV

Por los fundamentos expuestos, y en vista de que las actuaciones del Lcdo. Francisco Ortiz Rivera no constituyen violaciones a los Cánones de Ética Judicial, *supra*, ni motivan sanción alguna al amparo de los Cánones de Ética Profesional, *supra*, se desestima la querella presentada en su contra y se ordena el archivo del asunto.

Se dictará Sentencia de conformidad.

---

6 En adición, tal y como hemos expresado anteriormente, la apariencia de conducta impropia, de haberla, tiene que sostenerse sobre la impresión que se da al público de la violación efectiva de alguno de los Cánones de Ética Profesional. In re Ortiz Martínez, res. el 6 de abril de 2004, 2004 TSPR 66; In re Sepúlveda Girón, res. el 24 de octubre de 2001, 2001 TSPR 153.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Francisco Ortiz Rivera
Ex-Juez Superior                    AD-2002-1
Tribunal de Primera Instancia
Sala Superior de Ponce


SENTENCIA


San Juan, Puerto Rico, a 21 de diciembre de 2004.


        Por los fundamentos expuestos en la Opinión Per Curiam que antecede la cual se hace formar parte integral de la presente, se desestima la querella presentada en contra del Lcdo. Francisco Ortiz Rivera y se ordena el archivo del asunto.

        Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señor Rebollo López y señor Corrada del Río no intervinieron.


                        Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal del Supremo