EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Elba N. Villalba Ojada | 2015 TSPR 143  193 DPR ____ |
|---|---|

Número del Caso: CP-2014-01

Fecha: 15 de octubre de 2015

Oficina de la Procuradora General:

>	Lcda. Tanaira Padilla Rodríguez
>	Subprocuradora General

>	Lcda. Karla Pacheco Álvarez
>	Subprocuradora General

>	Lcda. Minnie H. Rodríguez López
>	Procuradora General Auxiliar

Abogados del Querellado:

>	Lcda. Carmen I. Navas
>	Lcdo. Gregorio Lima Quiñones

Comisionada Especial:

>	Hon. Crisanta González Seda

Materia: Conducta Profesional - La suspensión de la notaría será efectiva el 6 de octubre de 2015, fecha en que se le notificó al abogado de su suspensión inmediata de la notaría.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Elba N. Villalba Ojeda

CP-2014-01

PER CURIAM

En San Juan, Puerto Rico, a 15 de octubre de 2015.

Una vez más nos vemos obligados a suspender a una abogada del ejercicio de la abogacía por incumplir con sus deberes hacia una clienta y por desatender reiteradamente nuestras órdenes.

I.

La Lcda. Elba N. Villalba Ojeda fue admitida al ejercicio de la abogacía el 3 de enero de 1990 y a la práctica de la notaría el 1 de febrero de 1991. En el 2004, la Sra. Marta Feliciano Rodríguez contrató los servicios de la licenciada Villalba Ojeda para que la representara en un caso de cobro de dinero en contra de la Sra. Irma Nieves, a quien

le había hecho un préstamo garantizado por un pagaré personal. Luego de la entrevista inicial, la letrada le informó a la señora Feliciano Rodríguez que iba a retener el pagaré y que debía pagarle doscientos cincuenta dólares para los gastos iniciales del pleito. En diciembre de 2004, la licenciada Villalba Ojeda presentó la demanda sobre cobro de dinero en el Tribunal de Primera Instancia, Sala Superior de Toa Alta, acción que notificó posteriormente mediante carta a la señora Feliciano Rodríguez. También le hizo llegar una factura por los gastos incurridos hasta el momento, la cual fue debidamente pagada. En febrero de 2005, la letrada presentó una moción ante el foro primario en la que solicitó que se le anotara la rebeldía a la parte demandada debido a que se le había diligenciado el emplazamiento y no había contestado la demanda. En respuesta a esa moción, el Tribunal de Primera Instancia emitió una orden en la que solicitó una declaración jurada, prueba documental y un proyecto de sentencia. Así, en marzo de 2005 la licenciada Villalba Ojeda le envió una segunda carta a la señora Feliciano Rodríguez en la que le indicó que debían reunirse porque el tribunal le había solicitado el pagaré original y una declaración jurada en la que se hiciera constar el monto de la cantidad reclamada. En ese momento, según recoge el informe de la Comisionada Especial, la letrada le informó a su clienta su preocupación por unas notas al dorso del pagaré que se

referían a un pago hecho por la deudora, pues eso levantaba un cuestionamiento sobre el verdadero monto de la reclamación.

A pesar de esto, la licenciada Villalba Ojeda no tomó acción alguna, ni cumplió con la orden del Tribunal de Primera Instancia, por lo que en julio de 2005, ese foro emitió una segunda orden instruyendo a la letrada a informarle el estado del caso en un término de diez días. La licenciada Villalba Ojeda tampoco cumplió con esa orden, por lo que a finales de agosto de 2005, el foro primario emitió una sentencia en la que ordenó el archivo y desestimación sin perjuicio del caso. Según determinó la Comisionada Especial, la comunicación entre la quejosa y la letrada fue a través de la secretaria de esta. En las pocas ocasiones en las que pudo hablar directamente con la abogada, esta le indicaba que el caso se estaba moviendo. Incluso, cuando acordaban reunirse para discutir los pormenores del caso, las citas se cancelaban por diferentes razones atribuibles a la abogada.

En febrero de 2011, la señora Feliciano Rodríguez le notificó a la letrada que interesaba que le devolviera el expediente de su caso debido a que no se le había informado en qué etapa se encontraba la reclamación. A pesar de que hizo varios esfuerzos para que se le devolviera el expediente, y además, encomendó a otras personas para que la representaran en la gestión, la licenciada Villalba Ojeda no le entregó el expediente.

En mayo de 2011, aunque la señora Feliciano Rodríguez le había solicitado la devolución del expediente del caso, y sin consultarle a esta, la licenciada Villalba Ojeda presentó una segunda demanda sobre el mismo asunto para el cual fue contratada en el 2004, pero esta vez ante el Tribunal de Primera Instancia, Sala Superior de Bayamón. También presentó un proyecto de orden, una expedición de emplazamiento y solicitó el señalamiento de una vista. En el ínterin, el 26 de mayo de 2011, la señora Feliciano Rodríguez presentó una queja en contra de la licenciada Villalba Ojeda ante este Tribunal. El 14 de junio de 2011, el foro primario rechazó el proyecto de orden e instruyó a la letrada a que emplazara a la demandada en este segundo caso presentado.

Mientras tanto, el 20 de junio de 2011, la Lcda. Larissa Ortiz Modestti, en ese entonces Subsecretaria del Tribunal Supremo, le ordenó a la letrada que se expresara respecto a la referida queja. **Debido a que esta no contestó**, el 21 de octubre de 2011, se le concedió un término adicional de diez días para que se expresara. **Ante la incomparecencia, una vez más, de la letrada**, el 15 de noviembre de 2011 emitimos una Resolución en la que le ordenamos que compareciera y contestara la queja dentro de un término final de diez días. La licenciada Villalba Ojeda finalmente contestó la queja el 30 de noviembre de 2011, **fuera del término que le fue concedido**. El 19 de enero de 2012, la Procuradora General presentó su informe

en el que, luego de la investigación de rigor, recomendó que se iniciara un procedimiento disciplinario formal en contra de la licenciada Villalba Ojeda. Así, el 27 de abril de 2012, le brindamos a las partes un término de veinte días para que se expresaran respecto al informe de la Procuradora General.

Entretanto, en el caso ante el Tribunal de Primera Instancia, en mayo de 2012, luego de transcurrido casi un año de la primera orden de ese foro, y debido a que la licenciada Villalba Ojeda no realizó gestión alguna, se emitió una orden para que se mostrara causa por la cual no debía desestimarse la reclamación por falta de actividad durante más de seis meses. Finalmente, ante la inacción total de la letrada, el foro primario emitió una sentencia en la que desestimó el caso al amparo de la Regla 39.2 de Procedimiento Civil de 2009, 32 LPRA AP. V, R.39.2.

Posteriormente continuó el procedimiento disciplinario ante este Tribunal y, luego de evaluar la contestación de la señora Feliciano Rodríguez, el 30 de noviembre de 2012, autorizamos a la Procuradora General a presentar la correspondiente querella, gestión que llevó a cabo el 22 de enero de 2014. A la licenciada Villalba Ojeda se le imputó violar los Cánones 12, 18, 20 y 38 de Ética Profesional, 4 LPRA Ap. IX.[1] **La letrada nunca se expresó**

---

[1] Aunque al leer los hechos que originan este procedimiento disciplinario pudieran surgir dudas sobre si la letrada cumplió cabalmente con los postulados del Canon 19 de

(continúa...)

**respecto a la querella, a pesar de que le concedimos tres mociones de prórrogas y le apercibimos que su incumplimiento podría conllevar su suspensión indefinida de la profesión.**

El 13 de agosto de 2014, nombramos a la Hon. Crisanta González Seda como Comisionada Especial para que recibiera prueba y nos rindiera un informe con las determinaciones de hecho y recomendaciones que estimara pertinente. Ese mismo día, emitimos una Resolución en la que le ordenamos a la licenciada Villalba Ojeda entregar el expediente del caso a la señora Feliciano Rodríguez en un término de cinco días y acreditar el cumplimiento de esa orden. También le apercibimos que el incumplimiento con esta orden podría acarrear su suspensión indefinida de la profesión. Esa orden no fue cumplida en el término provisto.

Luego de varios incidentes procesales, la Procuradora General presentó el informe preliminar de conferencia con antelación a la vista en el que incluyó un nuevo cargo por violación del Canon 9, <u>supra</u>, en contra de la licenciada Villalba Ojeda. Justificó su proceder en que esa violación surgía de los mismos hechos imputados desde el comienzo del procedimiento disciplinario. Además, expresó que la letrada había incumplido con múltiples órdenes de este Tribunal durante la tramitación del procedimiento, en

_____

Ética Profesional, no pasamos juicio sobre ello pues no se le imputó transgredir ese canon.

particular con nuestras órdenes para que entregara el expediente a la quejosa y para que contestara la querella. La licenciada Villalba Ojeda se opuso oportunamente a que se añadiera la violación del Canon 9, supra, a los cargos ya imputados sin que mediara autorización de este Tribunal. El 10 de octubre de 2014, luego de que se celebrara la vista con antelación a la vista, la licenciada Villalba Ojeda nos informó que finalmente había enviado el expediente a la señora Feliciano Rodríguez, a través del Lcdo. Erio Quiñones Villahermosa. Tras otros trámites, el 18 de diciembre de 2014, se llevó a cabo la vista final. Posteriormente las partes sometieron por escrito sus respectivos argumentos finales en torno a los cargos imputados.

El 31 de marzo de 2015, la Comisionada rindió su informe final en el que expresó que existía evidencia clara, robusta y convincente de que la licenciada Villalba Ojeda cometió las violaciones imputadas, inclusive la violación al Canon 9, supra. La letrada presentó sus comentarios al informe de la Comisionada Especial el 28 de abril de 2015. Finalmente, el 9 de julio de 2015, el caso quedó sometido en los méritos para nuestra adjudicación.

II.

A. El Código de Ética Profesional, supra, recoge las normas de conducta que rigen a los miembros de la profesión legal en Puerto Rico para beneficio de la ciudadanía, la profesión y las instituciones de justicia.

In re Rivera Navarro, 2015 TSPR 100, pág. 7, 193 DPR ___ (2015).

El Canon 9 de Ética Profesional, supra, dispone que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Como corolario de ese deber, se exige que los abogados cumplan pronta y diligentemente las órdenes de todos los tribunales. In re Nieves Nieves, 181 DPR 25, 34 (2011). Por esa razón, "asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola dicho Canon". In re Dávila Toro, 2015 TSPR 79, pág. 6, 193 DPR ___ (2015). Esa violación es completamente independiente de los méritos que pueda tener la queja presentada en contra del abogado. In re Pestaña Segovia, 2015 TSPR 53, pág. 9, 192 DPR ___ (2015).

Por otro lado, el Canon 12 de Ética Profesional, supra, establece que los abogados tienen el deber de ser puntuales en su asistencia y concisos y exactos en el trámite y presentación de las causas de sus clientes. Esa obligación exige desplegar todas las diligencias necesarias para que no se causen dilaciones indebidas en la tramitación y solución de los casos. Hemos indicado que este canon también comprende el deber de cumplir rigurosamente con las órdenes judiciales. In re Rivera Ramos, 178 DPR 651 (2010). Esta norma exige que los abogados respondan con premura todos los requerimientos

relacionados a quejas por conducta profesional. In re Hernández Vázquez, 180 DPR 527, 540 (2011).

El Canon 18 de Ética Profesional, supra, exige que los abogados defiendan los intereses de sus clientes "diligentemente, desplegando en cada caso su más profundo saber y habilidad […]". Además, este canon dispone que es impropio que un abogado asuma la representación legal de un cliente cuando es consciente que no puede rendir una labor idónea competente y que no puede prepararse sin que ello conlleve gastos o demoras irrazonables a su cliente o a la administración de la justicia. En ese sentido, "un abogado falta a su deber de diligencia cuando no realiza las gestiones que le fueron encomendadas en el momento oportuno, de forma adecuada y sin retrasos". In re Pietri Torres, 191 DPR 482, 488 (2014). Por eso, la desidia, despreocupación y la displicencia en el trámite de un caso son totalmente incompatibles con el deber de diligencia establecido en el Canon 18, supra. In re Reyes Coreano, 190 DPR 739, 751 (2014). Hemos establecido que "cualquier tipo de actuación negligente que pueda conllevar, o en efecto, resulte en la desestimación o el archivo […] [de un] caso" claramente contraviene los principios del Canon 18, supra. In re Plaud González, 181 DPR 874, 887 (2011).

Por su parte, el Canon 20 de Ética Profesional, supra, establece el procedimiento que deben seguir los abogados al renunciar a la representación legal de un cliente. Específicamente, este canon dispone que una vez

los abogados han comparecido ante un tribunal en representación de un cliente, deben obtener permiso del tribunal para renunciar a la representación. Esa renuncia solo deberá solicitarse cuando exista una razón justificada o imprevista. Además, el Canon 20, supra, requiere que antes de renunciar a la representación legal de los clientes, los abogados tomen todas las medidas razonables necesarias para evitar perjuicio a los derechos de estos. Asimismo, tan pronto la renuncia se materializa, los abogados están obligados a entregarle a su cliente el expediente y todo documento relacionado con el caso. In re Suárez Jiménez, 2014 TSPR 143, pág. 5, 192 DPR ___ (2014).

Finalmente, el Canon 38 de Ética Profesional, supra, requiere, entre otras cosas, que los abogados se esfuercen al máximo de su capacidad en la exaltación del honor y dignidad de la profesión, aunque al así hacerlo conlleve sacrificios personales. Además, como funcionarios del tribunal, deben interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia.

En el pasado dejamos claro que "no se puede concluir que un abogado violó el Canon 38 por el simple hecho de violar otros cánones de ética profesional sino por aquella conducta que es contraria a los valores principales de la profesión: la dignidad y el honor". In re Reyes Coreano, supra, pág. 758.

Por eso, al momento de determinar si un abogado transgredió el Canon 38, supra, debemos evaluar si su conducta demuestra que realmente no exaltó, al máximo de su capacidad, el honor y la dignidad de la profesión legal o si transgredió de otra forma los deberes contenidos en ese canon. Ahora bien, en múltiples ocasiones hemos disciplinado a abogados por contravenir lo dispuesto en el Canon 38, supra, incluso cuando también los hemos sancionado por violaciones a otros cánones, pues encontramos conducta que de por sí, transgredía las obligaciones del mencionado canon. Véanse In re Pestaña Segovia, 2015 TSPR 53, 192 DPR ___ (2015); In re Vera Vélez, 2015 TSPR 7, 192 DPR ___ (2015); In re Suárez Jiménez, supra; In re Sierra Arce, 2014 TSPR 142, 192 DPR ___ (2015). Por eso, aprovechamos la ocasión para reafirmar que los abogados pueden ser sancionados por infringir el deber de esforzarse, al máximo de su capacidad, en exaltar el honor y la dignidad de la profesión, según dispuesto en  el Canon 38, supra, aun cuando son disciplinados por violar otros cánones.

B. En nuestro ordenamiento, los abogados tienen un derecho propietario sobre su licencia una vez son admitidos a la práctica de la profesión. In re Ríos Ríos, 175 DPR 57 (2008). Por esa razón, tenemos que garantizarles el debido proceso de ley, en su vertiente procesal, durante los procedimientos disciplinarios en donde pueda estar en juego su licencia. In re Martínez Almodóvar, 180 DPR 805,

821 (2011). Entre las exigencias mínimas que el debido proceso de ley garantiza se encuentran el "ser notificado[s] adecuadamente de los cargos […] [imputados], la oportunidad de ser oído[s] y el derecho a contrainterrogar y a examinar la prueba documental y material presentada por la parte contraria". Íd.

Con esos principios en mente, expresamos anteriormente que "añadir cargos que no se incluyeron en la querella original a base de la prueba que se presenta el procedimiento viola el debido proceso de ley del abogado querellado". In re Muñoz Fernós, 184 DPR 679, 688 (2012). En esos casos, como norma general, procede que instruyamos al "Procurador General investigar la nueva conducta para que determine si debe presentarse una nueva queja que inicie un nuevo procedimiento disciplinario, separado y distinto al procedimiento en donde la conducta adicional impropia fue identificada". In re Martínez Almodóvar, supra, pág. 825. Sin embargo, esa norma no es absoluta, puesto que a modo de excepción

> cuando del expediente bajo estudio surja que —en cuanto a la conducta impropia identificada luego de iniciado el procedimiento disciplinario— al abogado querellado se le ha: (1) notificado adecuadamente de la conducta impropia adicional; (2) brindado la oportunidad de presentar prueba a su favor; (3) permitido examinar la prueba presentada en su contra, y (4) contrainterrogar los testigos presentados por la parte contraria, el Tribunal podrá, si lo estima apropiado, evaluar y atender esas alegaciones adicionales. S[o]lo así protegeremos efectivamente las garantías constitucionales del abogado-querellado y no se menoscabará su oportunidad de preparar adecuadamente su defensa ni se le impedirá velar por su sustento. Íd.

III.

Como cuestión de umbral, debemos determinar si procede que consideremos la violación del Canon 9, supra, a pesar de que en la querella original presentada por la Procuradora General no se le imputó a la letrada transgredir ese canon. Surge del expediente que la Oficina de la Procuradora General le imputó por primera vez esa violación a la licenciada Villalba Ojeda el 14 de octubre de 2014 en el informe preliminar de la conferencia con antelación a la vista. En ese informe, que fue debidamente notificado a la letrada, se explicó que las violaciones al Canon 9, supra, surgían de los mismos hechos incluidos en la queja, en el informe sobre la queja y en la propia querella. Además, se identificó el incumplimiento de la letrada con nuestra orden para que le entregara el expediente del caso a su clienta y con nuestras órdenes para que contestara la querella como conductas que transgredían el Canon 9, supra. El 20 de octubre de 2014, la licenciada Villalba Ojeda presentó su parte del informe con antelación a la vista y objetó que se añadiera ese cargo a los ya imputados. Posteriormente, se llevó a cabo la conferencia con antelación a la vista ante la Comisionada Especial. Allí la letrada reiteró su objeción a que se incluyera la violación a un nuevo canon entre los cargos imputados. A parte de esa objeción, la licenciada Villalba Ojeda no solicitó tiempo adicional para prepararse para refutar la nueva imputación. Por el

contrario, la letrada solicitó revisar los expedientes de los casos ante el Tribunal de Primera Instancia, de los cuales precisamente surgen violaciones a órdenes de ese foro. Esos expedientes fueron estipulados por las partes, al igual que el expediente de la queja que inicia este procedimiento disciplinario. Entre ese momento y la celebración de la vista final ante la Comisionada Especial transcurrieron casi dos meses, periodo durante el cual la licenciada Villalba Ojeda no hizo planteamientos adicionales sobre el asunto. El día de la vista la letrada contrainterrogó a la única testigo de la Oficina de la Procuradora General, la señora Feliciano Rodríguez. A pesar de que tuvo oportunidad, no presentó testigos y se limitó a presentar prueba documental, la cual fue evaluada y tomada en consideración por la Comisionada Especial.

Coincidimos con la Procuradora General en cuanto a que parte de la conducta de la letrada que viola el Canon 9, supra, surge de la queja, del informe en reacción a la misma, de la propia querella y de los expedientes del Tribunal de Primera Instancia estipulados. La conducta adicional que transgrede ese canon –la desatención a múltiples órdenes de este Tribunal para que contestara la querella y para que entregara el expediente a la señora Feliciano Rodríguez– surgió luego de presentada la querella. Por eso no podía imputarse en esta. No obstante, en el informe con antelación a la vista preparado por la Procuradora General sí se especificaron las violaciones

del referido canon. Sin lugar a dudas, la licenciada Villalba Ojeda fue notificada adecuada y oportunamente del cargo adicional y de la conducta que daba origen a la transgresión; tuvo acceso a toda la prueba presentada en su contra; se le brindó la oportunidad de contrainterrogar a la única testigo de la Oficina de la Procuradora General, y también presentó prueba para defenderse de los señalamientos.

**En vista de lo anterior, concluimos que no se le violó el debido proceso de ley al imputársele, posterior a la presentación de la querella, que violó el Canon 9 de Ética Profesional, <u>supra</u>.** Superado este asunto, pasamos a evaluar todas las violaciones imputadas.

Surge del informe de la Comisionada Especial que el primer caso presentado en el Tribunal de Primera Instancia, Sala Superior de Toa Alta, fue desestimado debido a que la licenciada Villalba Ojeda no cumplió con una orden de ese tribunal a los fines de que se presentara una declaración jurada, cierta prueba documental y un proyecto de sentencia, ni con una segunda orden para que se le informara al tribunal el estado del caso. El segundo caso presentado ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, también fue desestimado debido a que la licenciada Villalba Ojeda desatendió una orden de ese tribunal para que se emplazara a la parte demandada y una segunda orden para que se mostrara causa por la cual no se debía desestimar el caso por falta de actividad por

más de seis meses. La conducta desplegada por la licenciada Villalba Ojeda en la tramitación de esos dos casos es claramente contraria a los preceptos de los Cánones 9, 12, 18 y 38 supra.

La desatención de la letrada a las órdenes de los foros primarios demuestra una clara falta de respeto a los tribunales, en violación del Canon 9, supra. Además, la conducta de la licenciada Villalba Ojeda demuestra que esta no actuó con la diligencia que requiere el Canon 12, supra, para evitar dilaciones innecesarias en la tramitación y solución de los procedimientos judiciales. Igualmente, la letrada incurrió en una violación del Canon 18, supra, pues no desplegó la diligencia necesaria para defender los derechos e intereses de su clienta. La licenciada Villalba Ojeda fue contratada para llevar un pleito de cobro de dinero, gestión que evidentemente no llevó a cabo de forma oportuna, adecuada y sin retrasos como lo requiere el mencionado canon. La desidia, despreocupación y displicencia de la letrada fue lo que causó que ambos casos fueran desestimados. Del mismo modo, la licenciada Villalba Ojeda incurrió en conducta impropia al transgredir el mandato del Canon 38, supra, que requiere que todos los abogados se esfuercen al máximo para exaltar el honor y dignidad de la profesión, y, además, como funcionarios del tribunal, se interesen en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia. Desatender varias

órdenes de los tribunales, con el efecto directo de que se desestimaran dos casos, es contrario a esos deberes.

No nos persuaden los planteamientos de la licenciada Villalba Ojeda a los efectos de que su incumplimiento con las órdenes del Tribunal de Primera Instancia en el primer caso se debió a que surgieron diferencias con su clienta sobre el verdadero monto de la deuda reclamada, en vista de unas anotaciones al dorso del pagaré, que le impedían presentar ante el foro primario los documentos solicitados en las órdenes. En ese escenario, lo que tenía que hacer la letrada era simple y sencillamente informarle al tribunal las diferencias que tenía con su cliente y solicitar autorización para renunciar **formalmente**, y de acuerdo al Canon 20, _supra_, a la representación legal de la señora Feliciano Rodríguez. No es aceptable que ante esas diferencias (y preocupaciones legítimas), esta, por su cuenta, diera el caso "por terminado", sin más.

Tampoco nos convence su excusa de que las órdenes del Tribunal de Primera Instancia en el segundo caso fueron desatendidas porque en ese momento la señora Feliciano Rodríguez ya había presentado la queja que origina este procedimiento disciplinario. Una vez más, de acuerdo al Canon 20, _supra,_ el deber de la licenciada Villalba Ojeda en ese momento era informarle al tribunal de la queja presentada por su clienta y solicitar autorización para renunciar **formalmente** a la representación legal de esta. Utilizar la queja como excusa para cruzarse de brazos,

desatender órdenes del foro primario y permitir que el caso fuera desestimado por falta de actividad es totalmente incompatible con nuestros cánones de ética.

Por otro lado, la licenciada Villalba Ojeda violó el Canon 20, supra, al no entregarle el expediente a su clienta tan pronto le fue requerido. El que la señora Feliciano Rodríguez hiciera la solicitud verbalmente o que la letrada mudara su oficina a otra instalación, no justifica el retraso de más de tres años en la entrega del expediente. La quejosa le requirió a la licenciada Villalba Ojeda el expediente de su caso el 4 de febrero de 2011 y no fue hasta octubre de 2014, luego de nuestra intervención, que finalmente la quejosa recibió el expediente en cuestión. Vale la pena destacar que en ese expediente se encontraba el pagaré original, por lo que durante ese período la quejosa estuvo impedida de contratar a otro abogado para que la representara en su acción de cobro. Igualmente, el hecho de que la licenciada Villalba Ojeda renunciara *tácitamente* a la representación de su clienta en los dos casos presentados ante el Tribunal de Primera Instancia, sin seguir el procedimiento establecido por el Canon 20, supra, constituye una violación adicional de ese canon.

Finalmente, al evaluar el comportamiento de la licenciada Villalba Ojeda durante el transcurso de este procedimiento disciplinario, notamos que su conducta infringió el Canon 9, supra. La letrada desatendió nuestra

orden para que contestara la querella presentada en su contra por la Procuradora General, a pesar de que le concedimos las tres prórrogas que solicitó y que le apercibimos que su incumplimiento podría conllevar sanciones disciplinarias.[2] Además, la licenciada Villalba Ojeda no cumplió con nuestra orden para que le entregara el expediente a su clienta y acreditara el cumplimiento en el término provisto. Esa conducta es contraria al Canon 9, supra.

Por otro lado, al determinar la sanción que habremos de imponerle a los abogados que han transgredido los Cánones de Ética Profesional, supra, tradicionalmente no solo hemos tomado en consideración la gravedad de la violación, sino también otros factores tales como:

> (1) la buena reputación del abogado en la comunidad; (2) su historial previo; (3) si constituye su primera falta y si ninguna parte ha sido perjudicada; (4) la aceptación de la falta y su sincero arrepentimiento; (5) si se trata de una conducta aislada; (6) el ánimo de lucro que medió en su actuación; (7) el resarcimiento al cliente, y (8) cualquier otra consideración, ya sea atenuante o agravante, que sea pertinente en conformidad con los hechos. In re Planas Merced, 180 DPR 179, 192 (2010).

Además, las sanciones que hemos impuesto a otros abogados en casos similares nos deben servir como guía.

---

[2] Adviértase que la licenciada Villalba Ojeda tampoco cumplió con los requerimientos que le hizo la Subsecretaria de este Tribunal para que contestara la queja presentada en su contra en cierto término provisto. No fue hasta que este Tribunal intervino, y luego de dos requerimientos de la Subsecretaria, que finalmente la letrada compareció y reaccionó a la queja. Esa desatención a los requerimientos de los funcionarios de este Tribunal es inaceptable.

"Casos similares ameritan sanciones similares". In re Gonzalez Acevedo, 165 DPR 81, 104 (2005). De esa forma evitamos la arbitrariedad y logramos una reglamentación ética coherente y uniforme. In re Rivera Nazario, 2015 TSPR 109, pág. 17, 193 DPR ___ (2015). Por supuesto, "no podemos ignorar la realidad de que cada caso es único, por lo que, en última instancia las circunstancias particulares de cada uno son determinantes al momento de imponer la sanción". In re De León Rodríguez, 190 DPR 378, 396-397 (2014). Lo importante es que cuando nos apartemos de los precedentes similares, brindemos una explicación satisfactoria que justifique nuestro proceder.

La licenciada Villalba Ojeda tiene a su favor que: (1) en aproximadamente 25 años de carrera como abogada no ha sido sancionada por violaciones a los Cánones de Ética Profesional, supra; (2) aceptó que no actuó conforme a sus deberes éticos (salvo en lo referente al Canon 9, supra, cuya imputación objetó), y (3) no cobró honorarios, pues el contrato que pactó con la quejosa establecía honorarios contingentes (la quejosa solo pagó gastos iniciales por concepto de aranceles y fotocopias).

En cambio, pesa contra la letrada que sus actuaciones en los dos casos ante el Tribunal de Primera Instancia y en múltiples ocasiones ante este Tribunal demuestran un claro patrón de desidia y desatención a las órdenes de los tribunales. Esa conducta no va a ser tolerada por este Tribunal.

En cuanto a casos similares recientes, observamos que hemos censurado enérgicamente a abogados que desatienden órdenes de los foros primarios, con la consecuencia de que se archiven los casos. Véanse In re Santos Cruz, 2015 TSPR 75, 193 DPR __ (2015) y In re Hernández González, 188 DPR 721 (2013). Sin embargo, esos abogados presentaron numerosa prueba sobre su buena reputación y no incumplieron con las órdenes de este Tribunal durante el procedimiento disciplinario. En el contexto de una agencia administrativa, ante hechos similares, también aplicamos la misma sanción. In re Rivera Nazario, supra.

En In re Cuevas Borrero, 185 DPR 189 (2012), suspendimos a un letrado por dos meses por incumplir las órdenes del Tribunal de Apelaciones y no perfeccionar un recurso de apelación ante ese foro, lo que provocó que el recurso fuera desestimado. Al igual que en el caso que hoy atendemos, ese abogado también incumplió con las órdenes de este Tribunal durante el procedimiento disciplinario en su contra. En In re Zapata Torres, 176 DPR 545 (2009), también suspendimos a un abogado por un término de dos meses por su falta de diligencia en la tramitación de un caso, lo que incluso causó que se desestimara sin perjuicio.

A diferencia de esos casos, en el que hoy nos ocupa la licenciada Villalba Ojeda transgredió en múltiples instancias los Cánones de Ética Profesional. Primero, su falta de respeto, diligencia y de atención a las órdenes

del Tribunal de Primera Instancia en los dos casos ante ese foro causaron que ambos se desestimaran, aunque sin perjuicio. Segundo, la letrada no siguió el procedimiento establecido para renunciar formalmente a la representación legal de su clienta y tampoco le entregó el expediente a esta a pesar de que se le requirió en múltiples ocasiones. Tercero, la licenciada Villalba Ojeda incumplió con los requerimientos de la Subsecretaria de este Tribunal para que contestara la queja y con tres órdenes de este Tribunal para que contestara la querella (que, dicho sea de paso, nunca contestó, por lo que muy bien pudimos haberla suspendido inmediata e indefinidamente en ese momento). Cuarto, también cumplió tardíamente con nuestra orden para que le entregara a la quejosa su expediente. Por lo tanto, nos vemos obligados a aplicarle a la letrada una sanción más severa que a la que le aplicamos a los abogados en los casos recientes similares.

IV.

Por los fundamentos antes expuestos, concluimos que la licenciada Villalba Ojeda violó los Cánones 9, 12, 18, 20 y 38 de Ética Profesional, _supra_. En vista de las reiteradas violaciones de los Cánones de Ética Profesional, _supra_, y por la totalidad de los factores presentes, la suspendemos del ejercicio de la abogacía y la notaría por un término de tres meses. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos y de informar oportunamente

de su suspensión a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra notarial y sello notarial de la señora Villalba Ojeda, y la entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Elba N. Villalba Ojeda                    CP-2014-01


SENTENCIA

En San Juan, Puerto Rico, a 15 de octubre de 2015.

Por los fundamentos expuestos, en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, concluimos que la licenciada Villalba Ojeda violó los Cánones 9, 12, 18, 20 y 38 de Ética Profesional, _supra_. En vista de las reiteradas violaciones de los Cánones de Ética Profesional, _supra_, y por la totalidad de los factores presentes, la suspendemos del ejercicio de la abogacía y la notaría por un término de tres meses. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos y de informar oportunamente de su suspensión a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días a partir de la notificación de esta Opinión _Per Curiam_ y Sentencia.

El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra notarial y sello notarial de la señora Villalba Ojeda, y la entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre con el resultado sin opinión escrita.



Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo