EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Hon. Carlos Candelaria Rosa | 2015 TSPR 154 <br><br> 194 DPR ____ |

Número del Caso: AD-2015-1


Fecha: 17 de noviembre de 2015


Abogados del Querellado:

        Lcdo. Virgilio Mainardi Peralta
        Lcdo. José A. Rivera Rodríguez


Oficina de Asuntos Legales:

        Lcda. Cristina Guerra Cáceres
        Directora

        Lcda. Rosa M. Cruz-Niemiec


Materia: Resolución con Voto Particular Disidente


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Carlos Candelaria Rosa

AD-2015-1

RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de noviembre de 2015.

Examinado el *Informe Final* de la Comisión de Disciplina Judicial, así como la *Reacción a Informe Final* presentada por el Hon. Carlos Candelaria Rosa, al amparo de la Regla 34 de Disciplina Judicial, 4 LPRA AP. XV-B, R.34, se devuelve este asunto a la Comisión de Disciplina Judicial (Comisión) para que analice lo que se indica a continuación.

En su resolución de inhibición, el juez Candelaria Rosa expresó que:

> "[…] a base del referido Canon 20(i), **<u>y</u> <u>sobre todo</u> porque este Tribunal participa y practica una concepción de Juez que tiene que ver con toda la dignidad, gallardía y prudencia judicial, mientras que nada con la teoría de pusilanimidad judicial subyacente en la Sentencia del Tribunal de Apelaciones,** resulta forzoso resolver la INHIBICIÓN motu proprio de quien suscribe en todos los casos en que esté involucrado el Lcdo. Armando F. Pietri Torres." (Énfasis suplido) <u>Informe de la Comisión de Disciplina Judicial, pág. 11.</u>

La Comisión deberá evaluar el texto de la resolución de inhibición y determinar si de las expresiones hechas surge que el magistrado utilizó el mecanismo de inhibición *motu proprio* como un subterfugio para retirarse del procedimiento judicial que presidía, y de todos los que participara el licenciado Pietri Torres, **principalmente** debido a su insatisfacción con el dictamen del Tribunal de Apelaciones que revocó su determinación respecto al desacato que le impuso al licenciado Pietri Torres. Si concluye en la afirmativa, la Comisión deberá entonces determinar si ese proceder violó el Canon 1 de Ética Judicial, 4 LPRA Ap. IV-B, C.1, que requiere que "[l]as juezas y los jueces respetarán y cumplirán la ley y serán fieles al juramento de su cargo", la segunda oración del Canon 3 de Ética Judicial, 4 LPRA Ap. IV-B, C.3, que exige que "[l]as juezas y los jueces no abandon[en] ni descuid[en] las obligaciones de su cargo" y el Canon 8 de Ética Judicial, 4 LPRA Ap. IV-B, C.8, que dispone que: "Para el cabal desempeño de sus funciones, las juezas y los jueces serán laboriosos, prudentes, serenos e imparciales. Realizarán sus funciones judiciales de forma independiente, partiendo de una comprensión cuidadosa y consciente de la ley, libre de cualquier influencia ajena, de instigaciones, presiones, amenazas o interferencias, ya sean directas o indirectas, provenientes de cualquier fuente o por cualquier razón. Enmarcarán sus funciones adjudicativas en el estudio del Derecho y en la diligencia orientada hacia el empeño de descubrir los hechos esenciales de cada controversia. La conducta de las juezas y de los jueces ha de excluir la posible apariencia de que son susceptibles de actuar por influencias de personas, grupos, partidos políticos o instituciones religiosas, por el clamor público, por consideraciones de popularidad o notoriedad, o por motivaciones impropias."

La infracción de estos Cánones de Ética Judicial, supra, en este contexto, no se le imputó al juez Candelaria Rosa en la querella, por lo que no ha tenido oportunidad de defenderse de estos. No obstante, es menester destacar que estas posibles violaciones surgen **de los mismos hechos** imputados en la querella, es decir, de la resolución de inhibición que emitió el magistrado. Aquí no hay nueva conducta que investigar. Por lo tanto, este caso no está dentro del alcance del inciso (c) de la Regla 5 de Disciplina Judicial, 4 LPRA AP. XV-B, R.5, la cual está diseñada para que los miembros de este Tribunal soliciten que se investigue la conducta o capacidad de un juez y de esa forma iniciar un procedimiento disciplinario.

No obstante, en vista de que este Tribunal tiene la obligación de salvaguardarle un debido proceso de ley al magistrado durante el transcurso de este procedimiento

disciplinario, no podemos pasar juicio de esas posibles violaciones adicionales a los Cánones de Ética Judicial, supra, en estos momentos. Lo correcto en esta etapa es devolver el asunto a la Comisión, la cual habrá de brindarle la oportunidad al juez Candelaria Rosa de responder y defenderse adecuadamente de estos señalamientos. Compárese, por ejemplo, con In re: Villalba Ojeda, 2015 TSPR 143; In re: Muñoz Fernós, 184 DPR 679 (2012); In re: Martínez Almodóvar, 180 DPR 805 (2011); Zauderer v. Office of Disc. Counsel, 471 U.S. 626, 654-655 (1985). Una vez ese proceso concluya, la Comisión deberá presentarnos un informe suplementado con sus conclusiones adicionales sobre este asunto. El magistrado, a su vez, tendrá oportunidad de reaccionar a ese informe suplementado en el plazo dispuesto en la Regla 30 de Disciplina Judicial, supra.

Notifíquese a las partes, incluyendo al Lcdo. Carlos J. López Feliciano, al Lcdo. Sixto Hernández Serrano y a la Hon. Olga Birriel Cardona.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Jueza Asociada Oronoz Rodríguez emitió un Voto particular disidente a la cual se unieron la Jueza Presidenta señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez. El Juez Asociado señor Kolthoff Caraballo y el Juez Asociado señor Estrella Martínez no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Carlos Candelaria Rosa

AD-2015-1

Voto Particular Disidente emitido por la Jueza Asociada ORONOZ RODRÍGUEZ, al cual se unen la Jueza Presidenta señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez

En San Juan, Puerto Rico, a 17 de noviembre de 2015.

Disiento del curso de acción de una mayoría de este Tribunal. No procede dilatar nuevamente el procedimiento disciplinario al que ha estado sujeto el Hon. Carlos Candelaria Rosa para evaluar, esta vez, si su proceso deliberativo de inhibición violó ciertos Cánones de Ética Judicial, 4 LPRA Ap. IV-B.

I

El trámite de este asunto revela la improcedencia de la Resolución que emiten hoy varios miembros de esta Curia. Veamos. En el 2011 un panel de jueces del Tribunal de Apelaciones refirió al entonces Juez Presidente Federico Hernández Denton

una Resolución de Inhibición del Juez Candelaria Rosa en el caso <u>Pueblo v. Héctor Cordero Cruz y otros</u>, Crim. Núm. J SC2008G-0337.[1] Los miembros del panel entendieron que las expresiones del Juez Candelaria Rosa en la Resolución podían constituir una violación a los Cánones de Ética Judicial, <u>supra</u>. El entonces Juez Presidente señor Hernández Denton remitió el asunto a la entonces Directora Administrativa de los Tribunales para la investigación correspondiente. En el 2013, la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales (OAT) sometió un Informe de Investigación a la Directora Administrativa en el cual recomendó archivar la queja y apercibir al Juez Candelaria Rosa. Reconoció que, aunque las acciones del Juez Candelaria Rosa podían constituir una violación a los Cánones de Ética Judicial, <u>supra</u>, era la primera vez que el Juez incurría en esa conducta y atribuyó la misma al furor del momento. La Directora Administrativa archivó la queja y lo notificó al Juez Candelaria Rosa, así como al entonces Juez Presidente señor Hernández Denton. El asunto debió terminar ahí.

Sin embargo, en el 2014 el Lcdo. Carlos J. López Feliciano, en su momento miembro del panel que refirió la Resolución de Inhibición al entonces Juez Presidente, solicitó que se le informara formalmente el resultado de la investigación y que se reabriera la misma. A pesar de

---

[1] El panel de jueces estaba compuesto por el Juez Hernández Serrano, la Juez Birriel Cardona y el entonces Juez López Feliciano.

que el trámite descrito arriba fue acorde con las Reglas de Disciplina Judicial,[2] 4 LPRA Ap. XV-B, una mayoría de este Tribunal reabrió un caso archivado en los méritos y determinó que procedía notificarle el resultado de la queja al licenciado López Feliciano, así como a los otros jueces que componían el panel, y que éstos tenían derecho a solicitar la reconsideración del archivo de la queja. Ex parte: Comunicación del Lcdo. Carlos J. López Feliciano, 191 DPR 882 (2014). Ello tuvo el efecto de comenzar, *de novo*, el proceso disciplinario en contra del Juez Candelaria Rosa ante la OAT.

Así, el licenciado López Feliciano solicitó reconsideración, la OAT la acogió, dejó sin efecto el archivo y presentó un Informe de Investigación ante la Comisión de Disciplina Judicial (Comisión). La Comisión, a través de la Lcda. Delia Lugo Bougal, determinó que existía causa probable para comenzar un procedimiento disciplinario contra el Juez Candelaria Rosa por posibles violaciones a los Cánones 6, 8, 14, 23 de Ética Judicial, supra. Como consecuencia, ordenó a la OAT a presentar la querella correspondiente. Los cargos que se le imputaron al Juez Candelaria Rosa se circunscribieron a las manifestaciones que realizó en la Resolución de Inhibición en cuestión.

---

[2] Ex parte: Comunicación del Lcdo. Carlos J. López Feliciano, 191 DPR 882 (2014)(Fiol Matta, J., Voto Particular Disidente)

Luego del trámite de rigor, el 8 de septiembre de 2015, la Comisión presentó su Informe y concluyó que

> [A]unque las expresiones del juez Candelaria Rosa no fueron acertadas y que pudiera considerarse que se excedió en la forma vehemente de defender su posición, entendemos que no existe prueba clara, robusta y convincente de que hubo violaciones éticas que ameriten la imposición de una sanción disciplinaria en relación a los Cánones de Ética Judicial imputados [...] Entendemos que lo ocurrido fue un error de juicio del juez Candelaria Rosa al momento de realizar unas expresiones en una Resolución de Inhibición, a lo que este ha hecho constar su arrepentimiento.
>
> A la luz de lo anterior, concluimos que el juez Candelaria Rosa no incurrió en conducta constitutiva de infracción a los Cánones de Ética Judicial, y en particular en relación al Canon 6, por las expresiones contenidas en su Resolución de Inhibición, y además, por tratarse de un solo caso en su historial profesional. No obstante, sugerimos al Tribunal Supremo que aperciba al juez Candelaria Rosa para que en futuras ocasiones sea más cuidadoso con los estilos de redacción que utiliza en sus escritos con el fin de evitar situaciones como la de la presente Querella. Consideramos, además, que dado el manifiesto arrepentimiento del Juez Candelaria Rosa, y que el presente proceso disciplinario es el primero contra éste y el hecho de que tampoco existen otras quejas o querellas disciplinarias pendientes en su contra ante la Oficina de Asuntos Legales de la OAT, procede recomendar la desestimación y archivo de la Querella.[3]

Recibido el Informe, correspondía que analizáramos las determinaciones de hechos, las conclusiones de Derecho y las recomendaciones emitidas por la Comisión a los fines de determinar la sanción correspondiente, si alguna.

No obstante, hoy una mayoría insiste -por tercera vez- en extender el procedimiento disciplinario en contra

---

[3] Informe de la Comisión de Disciplina Judicial, págs. 19-20.

del Juez Candelaria Rosa y lo devuelve a la Comisión para que examine ahora **las razones** que proveyó el Juez Candelaria Rosa al inhibirse y determine si lo hizo **principalmente** por su insatisfacción con el dictamen del Tribunal de Apelaciones. En caso de que la Comisión determine que en el **análisis mental** del Juez Candelaria Rosa <u>influyó más su descontento con la determinación del foro apelativo, que las otras razones que dio para fundamentar su inhibición</u>, entonces debe evaluar si violó los Cánones 1, 3 y 8 de Ética Judicial, <u>supra</u>.

La determinación de una mayoría de esta Curia me resulta desacertada. Además, da la impresión de que una mayoría se rehúsa a ponerle punto final a este asunto a pesar de que en <u>dos ocasiones</u>, tanto la OAT como la Comisión, han recomendado archivar la queja y apercibir al Juez Candelaria Rosa.

II

En la Resolución de Inhibición el Juez Candelaria Rosa basó su inhibición en el inciso (i) del Canon 20 de Ética Judicial, <u>supra</u>. Ese inciso dispone que un juez o una jueza se puede inhibir "por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia". Canon 20 de Ética Judicial, <u>supra</u>. El Juez Candelaria Rosa explicó que cuando el panel del Tribunal de Apelaciones revocó el desacato que le impuso al Lcdo. Armando Pietri Torres, dicho foro adjudicó

que el licenciado Pietri Torres no tenía que obedecer sus

órdenes y que él tenía que conformarse con eso. Razonó que

esa privación de autoridad por parte del foro apelativo no

solo afectaba el presente caso, sino también afectaría los

casos futuros en los cuales interviniera el licenciado

Pietri Torres ante él.[4] En lo pertinente, expresó que

> [r]esulta palmario que la ostensible sumisión
> del criterio judicial a la voluntad irrestricta
> de acatar o no órdenes judiciales conferida por
> la Sentencia del Tribunal de Apelaciones al
> Lcdo. Pietri, mina la confianza pública en el
> sistema de justicia, que tiene como base
> fundamental la independencia judicial y el
> consecuente poder de dirigir el curso de los
> trabajos en una Sala de Justicia. Asimismo, la
> privación de autoridad que la Sentencia
> Revocatoria perpetra a este Tribunal con
> respecto al Lcdo. Pietri, para, entre las cosas,
> ordenar su desempeño con alguna pretensión de
> acatamiento, **podría tener el efecto de arrojar**
> **dudas sobre la imparcialidad del Tribunal en**
> **futuros casos de éste, tanto porque el**
> **Ministerio Público pueda especular que el**
> **Tribunal esté impedido de actuar con respecto a**
> **dicho abogado, como porque acusados de delitos**
> **puedan especular que el Tribunal mantenga alguna**
> **animosidad contra el mismo.** (énfasis suplido)
>
> En consecuencia, a base del referido Canon
> 20 (i), y sobre todo porque este Tribunal
> participa y practica una concepción de Juez que
> tiene que ver todo con la dignidad, gallardía y
> prudencia judicial, mientras que nada con la
> teoría de la pusilanimidad judicial subyacente

---

[4] El Juez Candelaria Rosa le impuso un desacato al licenciado Pietri Torres en el caso criminal Pueblo v. Héctor Cordero Cruz, Crim. Núm. J SC2008G-0337, porque durante el procedimiento, a pesar de que el Juez le ordenó a los abogados que se sentaran en sus bancas en silencio, en espera de que el jurado abandonara la Sala, el licenciado Pietri Torres se mantuvo de pie frente al Tribunal y realizó ciertas expresiones desdeñosas en un tono alto. El panel del Tribunal de Apelaciones revocó el desacato impuesto por entender que la actuación del licenciado Pietri Torres no respondió a un reto a la autoridad del Tribunal, sino al ambiente tenso y hostil que había en sala. Señaló que el incidente no tenía la gravedad que el Tribunal de Primera Instancia le atribuyó en su dictamen. Asimismo, entendió que el Juez Candelaria Rosa debió ejercer mayor control en el manejo del caso. Informe de la Comisión de Disciplina Judicial, págs. 3-4.

en la Sentencia del Tribunal de Apelaciones, resulta forzoso resolver la INHIBICIÓN *motu proprio* de quien suscribe en todos los casos en que esté involucrado el Lcdo. Armando F. Pietri Torres. (énfasis suprimido).[5]

Las expresiones del Juez Candelaria Rosa en la Resolución de Inhibición establecen que este determinó inhibirse por entender que la determinación del Tribunal de Apelaciones le restó autoridad frente al licenciado Pietri Torres. Ello, según estimó, era detrimental para el ejercicio de su autoridad en sala pues el licenciado Pietri Torres percibiría que no tenía que acatar sus órdenes. Entendió, además, que la determinación del foro revisor podía afectar los trámites judiciales en la sala y arrojar duda sobre su imparcialidad como Juez. Basó su conclusión en su creencia de que el Ministerio Público podía entender que el Tribunal no podía actuar con respecto a dicho licenciado y/o los coacusados de delitos podían especular que mantenía cierta animosidad contra el mismo. Como consecuencia, cualquier determinación que tomara en cuanto al licenciado Pietri Torres, conllevaría un cuestionamiento de la imparcialidad que se le requiere como Juez.

Igualmente, el Juez Candelaria Rosa en sus comparecencias ha señalado que su propósito era consignar en la Resolución los fundamentos por los que procedía su inhibición como parte de un esfuerzo legítimo dirigido a

---

[5] Informe de la Comisión de Disciplina Judicial, págs. 6-7.

salvaguardar la imagen de justicia e imparcialidad del Tribunal.[6] De forma que "se erradicaba toda apariencia de que los eventos acaecidos proyectaran una incorrecta impresión de animosidad por parte de éste hacia el [l]icenciado Pietri Torres".[7] También expresó que no tuvo la intención de retar la autoridad del Tribunal de Apelaciones ni el orden jerárquico de nuestro sistema de Tribunales.

Cabe mencionar que este Tribunal ha reconocido la importancia de una inhibición oportuna por parte de un Juez. In re Ramos Mercado, 170 DPR 363, 404 (2007). Ello debido a que en situaciones apropiadas, tiene el efecto de mantener la legitimidad y la confianza de la ciudadanía en la Judicatura al proteger la imparcialidad en el ejercicio de las funciones judiciales. Íd., págs. 404-405. En los comentarios sobre el Canon 20 de Ética Judicial, supra, se detalló que para determinar si existe duda razonable en cuanto a la imparcialidad de un juez, el criterio es uno objetivo, a saber, si una persona razonable que tiene conocimiento de todas las circunstancias tendría dudas sobre dicha imparcialidad. Véase In re Campoamor Redín, 150 DPR 138 (2000). En esos casos, el juez debe ser prudente y ejercer su buen juicio al determinar si procede su inhibición. Íd., pág. 153.

---

[6] Memorando de Derecho, pág. 2 y 6.
[7] Memorando de Derecho, pág. 8; Reacción a Informe Final, pág. 2.

El Tribunal de Apelaciones se ha expresado sobre este asunto y muy atinadamente ha dicho

> La decisión que toma un magistrado (...) es una personalísima y se basa en sus propias convicciones y el conocimiento del caso que está juzgando. Todo juez tiene su conciencia que le dirige su propio camino hacía su verdad moral y jurídica. No debemos, ni vamos a intervenir en un asunto tan personal, ya que es el propio juzgador quien toma la decisión de inhibirse fundamentando su sentir. <u>Vargas Crespo v. Soler De La Rosa</u>, KLCE0401447, Resolución de 30 de diciembre de 2004.

De igual forma, dicho foro también ha señalado que

> No obstante, al examinar la procedencia de una inhibición *motu proprio,* un tribunal revisor debe precisamente valorar la decisión personal de un juez de inhibirse en una causa ante sí. Es cierto que, como norma general, las razones de economía y eficiencia procesal, así como la indebida molestia y opresión a las partes y a los testigos podrían estar reñidas con el interés público y la sabia administración de la justicia. Pero, en el balance de intereses, cualquier retraso adicional de la fecha del juicio que presumiblemente conlleve la asignación del caso a otro magistrado tiene que ceder ante las poderosas razones expresadas por el juez para inhibirse. **No podemos menos que darle deferencia total al proceso mental, moral y anímico del juez.** <u>Pueblo v. Rivera Schatz</u>, KLCE040029, Resolución de 13 de enero de 2004. (énfasis nuestro)

Todo lo anterior es suficiente para concluir que el Juez Candelaria Rosa se inhibió para evitar que su imparcialidad fuera razonablemente cuestionada. No existe razón legítima alguna que requiera devolver este asunto a la Comisión para que evalúe si en el **proceso mental** del Juez Candelaria Rosa pesó más su desagrado con la

revocación del Tribunal de Apelaciones, que su interés por proteger la confianza en el sistema judicial.

Además, me preocupa que como resultado del curso de acción adoptado por la mayoría, de ahora en adelante los jueces y juezas teman que sus determinaciones de inhibición puedan dar pie a un proceso disciplinario para indagar sobre el **ejercicio mental y reflexivo** que llevó a cabo ese Juez o Jueza y posiblemente, sancionarlos por ese ejercicio deliberativo. Parece evidente el efecto desalentador que tendrá esta determinación en los miembros de la judicatura. Lejos de salvaguardar los procesos inhibitorios, el dictamen de hoy es perjudicial a la idoneidad de ese procedimiento. En fin, la nueva interrogante que se envía a la Comisión requiere un ejercicio que procura la lectura de la mente de un juzgador al enfrentarse a un proceso deliberativo personalísimo, como el que exige la inhibición.

III

Por último, me preocupa que mediante la Resolución que se emite, no solo se posterga la resolución de este asunto, sino que al enviar directamente a la Comisión una nueva conducta, la mayoría comienza un tercer proceso disciplinario en violación de los derechos del Juez Candelaria Rosa, según refrendados por las Reglas de Disciplina Judicial, supra. Si en efecto hubiese una nueva conducta que investigar (a saber, el proceso mental y deliberativo en la determinación de la inhibición) lo

que procedería, según las propias Reglas, es que se refiera a la Directora Administrativa para que inicie una nueva investigación.[8]

El proceso que establece la normativa aplicable choca insalvablemente con la determinación de la mayoría, en detrimento de los derechos del Juez a un proceso justo, conforme garantizan las Reglas de Disciplina Judicial, _supra_. Proceso que, dicho sea de paso, revisamos hace aproximadamente 1 año y 2 meses para que, entre otras, sirviera como mecanismo profiláctico de cualquier conducta antiética que pudiera socavar la integridad del sistema judicial, sin menoscabar el derecho a un debido proceso de ley de los jueces y juezas. Véase _In re Enmiendas a las Reglas de Disciplina Judicial_, 191 DPR 564 (2014).

IV

Por los fundamentos que anteceden, disiento de la Resolución que hoy emite una mayoría de este Tribunal. A pesar de que la Rama Judicial tiene el deber de evaluar, investigar y sancionar a jueces y juezas por conducta incompatible con los Cánones de Ética Judicial, _supra_, también tenemos la responsabilidad de evitar que se utilice el proceso disciplinario indebidamente. Habiendo la Comisión rendido su Informe en este asunto, procede que

---

[8] Concedo que ese trámite dilataría aún más el proceso. Parecería además ser contrario a una sana administración de los recursos. No obstante, es un precedente peligroso que, habiendo Reglas que regulen este procedimiento, acudamos a excepciones que coartan las garantías de un juez o jueza (o de cualquier parte) a defenderse adecuadamente en un proceso disciplinario.

este Tribunal lo evalúe y determine qué sanción, si alguna, se le impondrá al Juez Candelaria Rosa.


                                    Maite D. Oronoz Rodríguez
                                         Jueza Asociada